1   TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP.
    Bruce D.M. Prescott, Esq. CSB #120980
2   Daphne C. Lin, Esq.  CSB #193214
    2201 Walnut Avenue, Suite 200
3   Fremont, California 94538
    Telephone: (510) 790-0900
4   Facsimile: (510) 790-4856
    E-mail: daphnelin@tatp.com
5

6   Attorneys for Defendant
    Central Towing & Transport, LLC
7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                    **SAN FRANCISCO DIVISION**

11

12   WILLIAM J. WHITSITT,                    )   Case Number: C-08-2139-BZ
                                             )
13                          Plaintiff,       )   **DEFENDANT CENTRAL TOWING &**
                                             )   **TRANSPORT, LLC'S NOTICE OF**
14                                           )   **MOTION AND MOTION TO**
                                             )   **DISMISS; MEMORANDUM OF**
15   v.                                      )   **POINTS AND AUTHORITIES IN**
                                             )   **SUPPORT THEREOF**
16                                           )
     WHEATFALL, et al.                       )   [FRCP 12(b)(6); 28 U.S.C. §1915(e)]
17                                           )
                                             )
18                          Defendants.      )   Hearing Date: August 13, 2008
                                             )   Time:          10:00 a.m.
19   _____       )   The Honorable Bernard Zimmerman

20   TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

21          NOTICE IS HEREBY GIVEN that on **August 13, 2008**, at **10:00 a.m.**, or as soon

22   thereafter as soon as counsel may be heard, in the above-referenced Court, defendant Central

23   Towing & Transport, LLC will and hereby does move the Court to dismiss this action pursuant to

24   *FRCP 12(b)(6)* and *28 U.S.C. §1915(e)*.

25          This Motion is made on the grounds that the complaint fails to state a claim on which a

26   relief may be granted and that the action is frivolous.  Central Towing & Transport, LLC

27   ("Central Towing") requests that the Court dismiss the action and award costs of suit to Central

28   Towing pursuant to *28 U.S.C. §1915(f)(1)*.

     **DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S NOTICE OF MOTION AND MOTION TO
     DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
     1

1    The motion will be based upon this notice, the Memorandum of Points and Authorities,

2    and Declarations of Tim Poole and Nicole Schaa, filed concurrently herewith, all pleadings and

3    documents on file herein, and upon such oral and documentary evidence as may be presented at

4    or before the hearing on this Motion.

5

6    Dated: July 8, 2008                        TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP.

7

8                                         By: _____

9                                             Bruce D. M. Prescott
                                              Daphne C. Lin
                                              Attorneys for Defendant
10                                            Central Towing & Transport, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff William J. Whitsitt ("Plaintiff") was driving with a suspended license when he was pulled over by an officer from the Dublin Police Department. Plaintiff was then arrested and his vehicle impounded. Subsequently, Plaintiff filed four separate lawsuits arising from this incident. In this *in forma pauperis* action, Plaintiff sues the defendants for false arrest, false imprisonment, conspiracy and wrongful tow of his vehicle, among other things, in violation of Plaintiff's constitutional rights under *42 U.S.C. §1983*.

A docket check reveals that Plaintiff is a vexatious litigant who has a history of suing government agencies and private entities for claims similar to this current action. In 1993, Plaintiff sued the Alameda County, City of Hayward and others for violating his constitutional rights when his driver's license was "wrongfully revoked or suspended."[1] Plaintiff also filed an action against the Franchise Tax Board for alleged "illegal levy" in or about 1994. In each of the above-mentioned actions, the trial court's dismissal of the action was affirmed by the Ninth Circuit which agreed that the complaint was legally frivolous.[2]

Similarly, Plaintiff's action at bar is without merit. Plaintiff's arrest and the subsequent towing of his vehicle resulted from his own failure to abide by the law, namely, driving with a suspended license. Plaintiff cannot state any claim upon which he is entitled to relief and the action must be dismissed.

///

///

---

[1] In one of the four actions filed by Plaintiff, Plaintiff appears to be making the same argument that the suspension of his license was wrongful. However, whether Plaintiff's driver's license was rightfully suspended is irrelevant because he chose to drive with the knowledge of his the suspension.

[2] The opinions were reported at *Whitsitt v. Alameda County* (N.D. Cal. 1993) 15 F. 3d 1095 and *Whitsitt v. Franchise Tax Board* (N.D. Cal. 1994) 29 F. 3d 638.

---

DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3

## II.

## STATEMENT OF FACTS

On March 23, 2008, Plaintiff was driving his 1971 Dodge Powerwagon (the "Vehicle") on Alcosta Boulevard in Dublin when an officer from the Dublin Police noticed that a trailer ball partially obscured the rear license plate of the Vehicle and one of the brake lights was inoperable. The officer proceeded to pull Plaintiff over and the Vehicle stopped on Davona Drive just north of the intersection of Davona Drive and Alcosta Boulevard. According to the officer, Plaintiff acknowledged that his driver's license was suspended. The officer ran a warrant check which confirmed that Plaintiff's license was suspended or revoked, and that Plaintiff had an outstanding warrant for violation of *California Vehicle Code* §14601.1(a). Based on the above information, the officer arrested Plaintiff and asked Central Towing to tow the Vehicle pursuant to *California Vehicle Code* §14602.6.[3] The Vehicle was towed, impounded and is currently stored at one of Central Towing's facilities.

As a result of Plaintiff's failure to pay the towing and storage fees and follow proper administrative procedures to contest the lien sale, Plaintiff has not been able to regain possession of the Vehicle. Subsequently, Plaintiff filed four separate lawsuits alleging that his arrest and the towing were wrongful and constituted a violation of his constitutional rights and seeking millions of dollars in damages.

## III.

## LEGAL ANALYSIS

An action shall be dismissed if plaintiff's complaint fails to state a claim upon which relief can be granted. *Fed. Rul. Civ. Pro. 12(b)(6)*. A Rule 12(b)(6) motion is proper where there

---

[3] §14602.6 provides, in relevant parts, that "[w]henever a peace officer determines that a person was driving a vehicle while his driving privilege was suspended or revoked, the peace officer may immediately arrest that person and cause the removal and seizure of that vehicle ... A vehicle so impounded shall be impounded for 30 days."

1    is a lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable

2    legal theory. *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699. Further, to

3    prevent abusive or captious litigation, the court must dismiss an *in forma pauperis* action at any

4    time if it determines that the action is frivolous or fails to state a claim on which relief may be

5    granted. *28 U.S.C. §1915(e)(2)*. A complaint is frivolous if it "lacks an arguable basis in law or

6    fact." *Neitzke v. Williams* (1989) 490 U.S. 319 at 325. A finding of factual frivolousness is

7    appropriate when the facts alleged rise to the level of irrational or the wholly incredible, whether

8    or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*

9    (1992) 504 U.S. 25, 32-33. Courts may award costs to defendant where an *in forma pauperis*

10   action is dismissed under *28 U.S.C. §1915(e). 28 U.S.C. §1915(f)(1)*.

11       Of the six causes of action Plaintiff's complaint purportedly contains, Plaintiff alleges the

12   First Cause of Action for Wrongful Tow of Vehicle and Fourth Cause of Action for Conspiracy

13   against Central Towing. As discussed below, both of Plaintiff's causes of action against Central

14   Towing lack any arguable basis in law or fact, and fail to state a claim on which relief may be

15   granted.

16   **A.**     **Plaintiff's First Cause of Action against Central Towing Must Be Dismissed.**

17                    *1. The Complaint Fails to State Sufficient Facts.*

18       The complaint, brought under *42 U.S.C. §1983*, alleges that Plaintiff's constitutional

19   rights were violated because the Dublin Police had no probable cause to stop him and the stop

20   was outside of the Dublin Police's jurisdiction. *See, e.g.*, Complaint at 4:24-5:4. Plaintiff alleges

21   that Central Towing is liable for towing his vehicle because the tow operator "had to have

22   known" that the Vehicle was "outside of the City of Dublin's authority and jurisdiction," and

23   "must have known that he was in Contra Costa County." (Complaint at 5:18-25) These

24   allegations are conclusory assumptions and surmise, not facts. *Beliveau v. Caras* (C.D. Cal.

25   1995) 873 F. Supp. 1393, 1395-1396 (courts need not accept as true conclusionary allegations,

26   unreasonable inferences or unwarranted deductions of fact).

27       Further, according to *California Penal Code* §830.1(a)(1), the local peace officer's

28   authority <u>extends to any place in the state</u> as to any public offense committed or which there is a

**DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

5

1   probable cause to believe has been committed, within the political subdivision which employs
2   the peace officer.  If a driving violation occurred within the city where the officer is employed or
3   if the officer has probable cause to believe that the violation was committed in the city employing
4   the officer, s/he is entitled to issue a citation. *People v. Cooper* (2002) 101 Cal. App. 4th Supp. 1
5   at 7 ("*Cooper*").  In *Cooper*, the defendant's challenge to his traffic violation cited by an officer
6   of the City of Los Angeles in the City of Beverly Hills for lack of jurisdiction was denied because
7   the officer began pacing the defendant in the City of Los Angeles and had a probable cause to
8   believe that the infraction was committed in Los Angeles. *Id.* at 7.  That is, even assuming
9   *arguendo* that the tow took place outside of Dublin and the tow operator knew, Plaintiff has
10  failed to and cannot allege that Central Towing knew or had reason to know where the officer
11  began pacing Plaintiff.

12      Therefore, without alleging that Central Towing knew at the time of the tow not only that
13  the Vehicle was stopped outside of Dublin and the pacing began outside of Dublin, but also that
14  the officer had no probable cause to believe Plaintiff's violations of the various Vehicle Code
15  sections were committed in Dublin, the Complaint fails to state sufficient facts to show that
16  Central Towing knowingly violated Plaintiff's constitutional rights by towing the Vehicle.

17          *2.  Leave should not be granted.*

18      Although a court should construe a *pro se* plaintiff's pleadings liberally, such complaints
19  may be dismissed without leave to amend if it is clear that the deficiencies could not be cured by
20  amendment. *Noll v. Carlson* (9th Cir. 1987) 809 F.2d 1446, 1448.  Here, Plaintiff cannot cure the
21  defect by alleging the tow operator "knew" that the Vehicle was outside of Dublin, because the
22  tow operator was told that the Vehicle was in Dublin and did not know or question whether the
23  Vehicle was indeed in Dublin or the adjacent San Ramon. (*See* Declaration of Tim Poole, ¶¶2-4;
24  Declaration of Nicole Schaa, ¶2, and ¶4.)

25      Further, a private tow company is entitled to invoke the good faith defense when acting
26  under the direction of the police that specifically called for the tow, especially when the alleged
27  constitutional violation arose not from any act or omission by the tow company. *Clement v. City*
28  *of Glendale* (9th Cir. 2008) 518 F.3d 1090 at 1097; *see also Richardson v. McKnight* (1997) 521

1  U.S. 399, 413-414. That is, to prevail against Central Towing under section 1983, a private tow

2  company, Plaintiff must allege and prove that Central Towing conducted the tow in bad faith.

3  Plaintiff cannot do so because Central Towing was summoned and instructed by the Dublin

4  Police to tow the Vehicle and there is no fact that can be alleged to show that any alleged

5  constitutional violation was a result of Central Towing's act or omission.

6      Because there exists no arguable basis in facts or law against Central Towing for any

7  constitutional violation, Plaintiff's Complaint against Central Towing should be dismissed with

8  prejudice.

9

10  **B.    Plaintiff's Conspiracy Cause of Action Fails to State Any Claim upon Which Relief Can Be Granted.**

11      *1. The complaint's allegations for conspiracy are insufficient under Rule 9(b).*

12      When pleading a conspiracy, the complaint must allege (1) the formation and operation of

13  the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the resulting damage.

14  *Kidron v. Movie Acquisition Corp.* (1995) 40 Cal. App. 4th 1571, 1581. Inferences, generalities,

15  presumptions and conclusions are insufficient. *117 Sales Corp. v. Olsen* (1978) 80 Cal. App. 3d

16  645, 650. In particular, Federal Rule of Civil Procedure 9(b) requires "more than conclusory

17  allegations of the conspiracy when alleging a civil conspiracy. *Masco Contractor Services West*

18  *v. New Hampshire Ins. Co.* (N.D. Cal. 2005) 2005 U.S. Dist. LEXIS 42998, *17-18. To meet the

19  stringent civil conspiracy pleading requirements of Rule 9(b), a plaintiff must allege with

20  sufficient factual particularity that defendants reached some explicit or tacit understanding or

21  agreement. *Alfus v. Pyramid Tech. Corp.* (N.D. Cal. 1990) 745 F. Supp. 1511, 1521. It is

22  insufficient to show that defendants might have had a common goal unless there is a factually

23  specific allegation that they directed themselves towards this wrongful goal by virtue of a mutual

24  understanding or agreement. *Id.*

25      Plaintiff's allegations that defendants "acted in agreement pursuant to the same

26  conspiracy" and "same agreement" to deprive and violate Plaintiff's "civil and constitutional

27  rights" are vague, conclusory and insufficient under Rule 9(b). *See Masco Contractor Services*

28  *West v. New Hampshire Ins. Co., supra,* at *18.

---

DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

7

1

*2. There is no legal or factual basis for Plaintiff's conspiracy claim.*

2  Civil conspiracy is not an independent tort but rather a legal doctrine that imposes
3  liability on persons who, although not actually committing a tort themselves, share with the
4  immediate tortfeasors a common plan or design in its perpetration to accomplish a wrongful or
5  illegal purpose. *Applied Equip. Corp. v. Litton Saudi Arabit Ltd.* (1994) 7 Cal. 4th 503, 510-511.
6  A conspiracy cause of action must show that something was done that, without the conspiracy,
7  would give rise to a right of action. *Harrell v. 20th Century Ins.* (9th Cir. 1991) 934 F. 2d 203,
8  208. In a civil conspiracy no cause can arise if one had a legal right to do the act complained of.
9  *Agnew v. Parks* (1959) 172 Cal. App. 2d 756, 764. Further, it is essential that each particular
10  defendant charged with responsibility proceeded tortiously. *Orser v. George* (1967) 252 Cal.
11  App. 2d 660, 667. One who innocently does an act that furthers the tortious purpose of another is
12  not acting in concert with him or her and thus cannot be held liable for conspiracy. *Saunders v.*
13  *Superior Court* (1994) 27 Cal. App. 4th 832, 846.

14  *California Vehicle Code* §14602.6 authorizes a peace officer to immediately arrest a
15  person whose driving privilege is suspended or revoked and cause the removal and seizure of that
16  vehicle; the statute further mandates that such impoundment be for 30 days. Plaintiff does not
17  dispute that he was driving while his license was suspended when he was pulled over on March
18  23, 2008. The Dublin Police had the legal authority to arrest Plaintiff and impound the Vehicle
19  under §14602.6. There simply is no legal or factual basis to support Plaintiff's claim that his
20  arrest or the towing of the Vehicle was part of an unlawful or wrongful scheme. Besides, even if
21  Plaintiff were allowed to challenge his arrest or the tow based on jurisdiction, as discussed in the
22  above section, Central Towing's action of towing and storing the Vehicle was innocent and in no
23  way tortious. As such, Central Towing cannot be held liable for conspiracy. *See Saunders v.*
24  *Superior Court, supra,* 27 Cal. App. 4th at 846.

25  Plaintiff's conspiracy claim against Central Towing thus lacks any legal or factual basis
26  and must be dismissed with prejudice.

27  ///

28  ///

---

**DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S NOTICE OF MOTION AND MOTION TO**
**DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

8

1

2                                          **IV.**

3                                    **CONCLUSION**

4          For all of the foregoing reasons, defendant Central Towing & Transport, LLC respectfully

5   requests that the Court grant this motion, dismiss the action against Central Towing & Transport,

6   LLC with prejudice, and award Central Towing & Transport its costs of suit as provided by law.

7

8   Dated: July 8, 2008                    TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP.

9

10                                   By: _____

11                                        Bruce D. M. Prescott
                                          Daphne C. Lin
                                          Attorneys for Specially Appearing Defendant
12                                        Central Towing & Transport, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

9

**DECLARATION OF SERVICE**

William J. Whitsitt v. Wheatfall, et al.

Case Number C-08-2139-BZ

I, Carmen Ott, declare and say:

I am over the age of eighteen years and not a party to the within action. My business address is 2201 Walnut Avenue, Suite 200, Fremont, California, 94538.

On July 8, 2008, I caused to be served the following documents described as:

DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

**William J. Whitsitt
335 West Clover Road
Tracy, California    95376**

___   (by personal service): I caused such envelope to be delivered by hand to the above address(es).

___   (by facsimile): I caused the above-referenced document(s) to be transmitted to the above-named persons at each of their respective facsimile numbers listed above, a copy of which is attached hereto.

___   (by overnight courier): I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the above address(es).

XX   (by mail): I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed on July 8, 2008.

Carmen Ott
Carmen Ott

DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

10