1   RICHARD E. WINNIE [68048]
    County Counsel
2   By: Diane Graydon  [164095]
    Deputy County Counsel
3   Office of County Counsel, County of Alameda
    1221 Oak Street, Suite 450
4   Oakland, California 94612
    Telephone:    (510) 272-6700
5   Attorneys for County of Alameda

6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  WILLIAM J. WHITSITT,                       Case No.: C08-02139 BZ
                          Plaintiff,
12                                             DEFENDANT COUNTY OF ALAMEDA'S
           v.                                  NOTICE OF MOTION TO DISMISS
13                                             PURSUANT TO FRCP 12(b)(6), OR
    DEPUTY SHERIFF WHEATFALL, BADGE            ALTERNATIVELY, MOTION FOR A
14  #429; DEPUTY SHERIFF A. GARTH, BADGE       MORE DEFINITE STATEMENT AND
    # 1340; UNNAMED POLICE OFFICER;            MOTION TO STRIKE
15  CENTRAL TOWING & TRANSPORT; COUNTY
    OF ALAMEDA, SHERIFF'S DEPARTMENT;          Date:  September 3, 2008
16  CITY OF DUBLIN POLICE SERVICES;            Time:  10:00 am
    UNNAMED DEFENDANTS                         Courtroom: G
17                        Defendant.

18

19

20

21            TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22            PLEASE TAKE NOTICE THAT on September 3, 2008 at 10:00am, in Courtroom G, 15th

23  Floor of the United States District Court at 450 Golden Gate Avenue, San Francisco, CA,

24  Defendants COUNTY OF ALAMEDA, SGT. WHEATFALL # 429, SGT. A. GARTH, #1340,

25  ALAMEDA COUNTY SHERIFF'S OFFICE, and CITY OF DUBLIN POLICE SERVICES,

26  (hereinafter "County Defendants") will and hereby do move the Court for an order granting

27  dismissal of the Complaint pursuant to Federal Rule of Civil Procedure("FRCP") 12(b)(6), or

28

1  alternatively, requiring a more definite statement pursuant to FRCP 12(e) and motion to strike

2  pursuant to FRCP12(f).

3       This motion is made on the grounds that Plaintiff's Complaint lacks sufficient factual

4  allegations to support a claim for relief against the County Defendants under 42 U.S.C § 1983;

5  is vague, ambiguous, redundant, immaterial and unintelligible; and for all the reasons set forth

6  in the Memorandum of Points and Authorities accompanying the motion.

7       This Motion will is based on this Notice, the attached Memorandum of Points and

8  Authorities, Request for Judicial Notice, and the papers and records on file herein, and on such

9  oral and documentary evidence as may be presented at the hearing of the motion.

10

11  DATED:                                                    RICHARD E. WINNIE
                                                              County Counsel in and for the County of
12                                                            Alameda, State of California

13

14                                                            By _____
15                                                                 DIANE C. GRAYDON
                                                                   Deputy County Counsel
16                                                                 Attorneys for County Defendants

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

**I. INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**II. STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**III. ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..7

A.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO
    STATE A CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  . . . . . . . . . . . . .. .  7

    a.  12(b)(6) Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

    b.  Plaintiff Has Failed to Allege Sufficient Facts  to State a Section
    §1983 Claim against County Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

        i.  *Plaintiff Has Failed to Allege Facts to Support a Violation*
        *of His Constitutional Rights by County Defendants' Policies,*
        *Customs, or Practices* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

       ii.  *Plaintiff Has Failed to Identify A Constitutional Right*
       *That Was Violated.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

          **1.  Stop, Arrest, Hold, Towing, and Impoundment Did Not Violate**
             **Plaintiff's Constitutional Rights (Claims 1,2,3,4,6)** . . . . . . . . . .   10

          **2.  Tow Hearing Did Not Violate Plaintiff's**
             **Constitutional Rights** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

          **3.  There is No Inalienable Right to Drive Without a License.**. . . . . . . . . .   11

    c.  Plaintiff's Complaint Fails to State a Cause of Action against
    COUNTY DEFENDANTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. .  11

B.  IN THE EVENT THE COMPLAINT IS NOT DISMISSED, THIS COURT
    SHOULD ORDER PLAINTIFF TO FILE A MORE DEFINITE STATEMENT . . . . . . . . . . . .  12

    a.  FRCP 8 Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . .  12

    b.  12(e) Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

    c.  Plaintiff's Complaint is So Indefinite that Defendants Cannot
    Be Expected to Frame a Proper Response in Good Faith Without
    Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

C. PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN PER FRCP  12(f). . . . . . . . . ... . . .14

    a.  12(f) Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    b.  This Court Should Strike Plaintiff's Entire Complaint . . . . . . . . . . . . . . . . . . . . . .  15

**IV. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### TABLE OF AUTHORITIES

2

**Federal Statutes**

3

42 U.S.C § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 8

FRCP 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

4

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 5, 7, 8, 15

5

FRCP 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 13, 15

6

FRCP 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 14

7

**Federal Case Law**

8

*Arnold v. Int'l Business Machines Corp.,* (9th Cir. 1981) 637 F2d 1350, 1355 . . . . . . . . 9

9

*Associated General Contractors of California, Inc. v. California State Council of*

10

*Carpenters* (1983) 459 U.S. 519, 526 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Barrett v. City of Allentown,* (1993) 152 F.R.D. 50, 52 . . . . . . . . . . . . . . . . . . . . . . . 15

11

*Harlow v. Fitzgerald,* 457 U.S. 800 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

12

*In re Delorean Motor Co* (6th Cir. 1993) 991 F2d 1236, 1240 . . . . . . . . . . . . . . . . . 7, 9

13

*Lee v. City of Los Angeles,* 250 F3d 668, 681-682 (9th Cir, 2001) . . . . . . . . . . . . . . . 8

14

*Monell v. Dep't of Social Services.,*(1978) 436 U.S. 658, 691 . . . . . . . . . . . . . . . . . .8, 9

*Navarro v. Block* (9th Cir. 2001) 250 F. 3d 729, 732 . . . . . . . . . . . . . . . . . . . . . . . . 7

15

*Neitzke v. Williams* (1989) 490 U.S. 319, 327 . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

16

*Newman v. Sathyavaglswaran* (9th Cir. 2002) 287 F.3d 786, 788 . . . . . . . . . . . . . . . . 7

17

*Reddy v. Linton Ind.,* (9th Cir. 1990) 912 F.2d 291, 293, *cert denied,* 502 US 921(1991). 7

*Saucier v. Katz,* (2001) 533 U.S. 194, 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,14

18

*Scofield v. Hillsborough,* (9th Cir. 1988) 862 F.2d 759, 764 . . . . . . . . . . . . . . . . . . . . 10

19

*SEC v. Digital Lightwave,* (2000) DC FL) 196 F.R.D. 698, 700 . . . . . . . . . . . . . . . . . 13

20

*Siegert v. Gilley* (1991) 500 U.S. 226, 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sun Co., Inc. v. Badger Design* (ED Pa 1996) 939 F. Supp. 365 . . . . . . . . . . . . . . . 13

21

*Transphase Systems, Inc. v. So. Calif. Edison* (CD CA 1993) 839 F. Supp 711, 718 . 7, 9

22

**California Statutes**

23

Cal Pen Code § 830.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

24

Cal. Veh. Code §14601.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

25

Cal. Veh. Code §14602.6(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

26

Cal. Veh. Code 22651(h)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

27

Cal. Veh. Code § 22852 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

**Other Citations**

28

---

1

W. Prosser, Law of Torts § 41 at 238-239 (4th ed, 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

Defendants COUNTY OF ALAMEDA, SGT. WHEATFALL # 429, SGT. A. GARTH,

3

#1340, ALAMEDA COUNTY SHERIFF'S OFFICE, and CITY OF DUBLIN POLICE SERVICES,

4

(hereinafter "County Defendants") by and through the Office of County Counsel, hereby move

5

to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(6), or alternatively, for a more definite

6

statement pursuant to FRCP 12(e) and to strike portions of the Complaint pursuant to FRCP

7

12(f).

8

**I. INTRODUCTION**

9

On April 24, 2008, Plaintiff WILLIAM WHITSITT ("Plaintiff") filed a Complaint asserting a

10

federal civil rights claim pursuant to 42 U.S.C § 1983 for the "Wrongful Tow of My Vehicle From

11

Outside County and City Jurisdiction Private Property," "False Arrest and City of Dublin

12

Jurisdiction," False Imprisonment," "Action Under the Color of State Law," "Denial of the Right

13

to Travel," and "False Imprisonment by Alameda County Santa Rita Jail."  The Complaint

14

alleges that on an unstated date, "Police" [presumably, Defendants Alameda County Sheriff's

15

Department ("ACSO"), or Dublin Police Services ( 'DPS")], at an unspecified location on

16

Alcosta Blvd, in San Ramon or "100 feet on Davona Drive at Interlachen Ave," performed a

17

traffic stop involving Plaintiff, arrested Plaintiff without probable cause and outside Alameda

18

County jurisdiction, County Defendants towed Plaintiff's vehicle, and held him at Santa Rita Jail

19

for a misdemeanor traffic warrant for "several" hours, in violation of his constitutional due

20

process rights. Plaintiff claims that County Defendants violated his 4th and 14th Amendment

21

Rights. Plaintiff further contends that an *unidentified* law prohibits law enforcement from

22

executing traffic stops and arrests outside city and or county boundaries. Plaintiff further

23

appears to challenge the licensing requirements of the California Vehicle Code, and any

24

legislation which would allow seizure of his personal property or limit his right to travel the

25

public highways.

26

Plaintiff's 21 pages of allegations are interposed with cut-and-paste legal citations,

27

conclusory allegations, and unsupported random assertions of private individual rights. As

28

drafted, the allegations of plaintiff's complaint mix a fantasy-based view of both plaintiff's legal

rights as well as the jurisdiction of this Court.  The result is a nontraditionally worded and

indecipherable Complaint, to which County Defendants are challenged to respond.  It is

impossible to articulate a substantive answer to the allegations.  Thus, the Complaint fails to

state a claim upon which relief may be granted.  In addition to the other problems warranting

dismissal with prejudice, it should be dismissed on the basis of fatal uncertainty pursuant to

FRCP 12(b)(6). In the alternative, this Court should order Plaintiff to file a more definite

statement pursuant to FRCP 12(e) and grant Defendants' motion to strike all redundant and

immaterial statements therein pursuant to FRCP 12(f).

## II. STATEMENT OF FACTS

Plaintiff fails to provide facts sufficient to respond to the instant Complaint.  However,

piecing together previous complaints, (ND Cal Case Nos. C08-01802 & C08-01803,) COUNTY

DEFENDANTS provide the following good faith attempt to provide a coherent statement of

facts.   COUNTY DEFENDANTS have provided copies of these complaints and request judicial

notice thereof.

On or about March 23, 2004, Plaintiff was pulled over by the Dublin Police Services

("DPS")[1] while driving his 1971 Dodge Powerwagon (the "Vehicle"). (Complaint, at 2:17-19,

5:9; ND CAL Case No C08-01802.)  According to the Plaintiff, the initiation of the stop and the

stop itself occurred in the region straddling the Alameda and Contra Costa County lines, at a

unspecified point on Acosta Blvd in San Ramon or Dublin, CA. (Complaints, at 9:11-17.)

According to the Plaintiff, the DEFENDANT officers performed the stop because evidence of

the vehicle's registration was not clearly displayed, and noticed that Plaintiff's rear brake light

was out.  (Complaint, at 3:26-4:21.)

A warrant check revealed that Plaintiff was operating the vehicle on a suspended

license, and already had an outstanding warrant for the same infraction. (Complaint, at 6:1-6,

[1] Alameda County Sheriff's operate in the City of Dublin by contract as "Dublin Police Services."

ND CAL Case No C08-01802.)  On this basis, officers placed Plaintiff under arrest and had the

Vehicle impounded. (Complaint, at 11:12-15, ND CAL Case No C08-01802)  Per "state law and

local ordinance", the Vehicle was ordered to be held for 30 days. (Complaint, at 3:9; ND CAL

Case No C08-01802)  Plaintiff claims that there was no probable cause for the initial stop and

arrest of his person, or for the impounding of the Vehicle. (Complaint, at 17:11-14; ND CAL

Case No. C08-01803.)

Plaintiff came to the DPS office the following day demanding the return of his Vehicle

without charge. (Complaint, at 11:11-13; ND CAL Case No C08-01802.) His request was

denied because California law requires that the Vehicle be held for thirty days following such

an arrest. (Complaint, at 12-15; ND CAL Case No C08-01802.) At his request, DPS scheduled

a Tow Hearing and mailed him the formal Notice of Tow Hearing.  (Complaint, at 15:6-9 ND

CAL Case No C08-01802.)

The Tow Hearing was held on April 1, 2008, to determine the propriety of the incident.

(Complaint, at 16:18 ND CAL Case No C08-01802) The hearing officer apparently ruled that

that the underlying arrest and impoundment were valid and denied the Plaintiff's claim.

(Complaint, at 16:7-8; ND CAL Case No C08-01802.)  However, as the hearing officer

determined that Plaintiff's Notice of Tow Hearing had been mailed two days late, and he

ordered the vehicle to be held for only fifteen days instead of thirty. (Complaint, at 16:15; ND

CAL Case No C08-01802.)  After that point, Plaintiff was free to "pay the $150 dollar

administration fee" and negotiate the release of his vehicle with the towing company.

(Complaint, at 16:12-14; ND CAL Case No C08-01802.) Plaintiff was unable to pay the "towing

and storage fees of well over $1500."  (Complaint, at 4:18; ND CAL Case No C08-01802.)

Plaintiff demands $600,000 in actual damages, and, from each Defendant $500,000 in punitive

damages.

### III. ARGUMENT

D.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

    a.  <u>12(b)(6) Standard</u>

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." (Fed. R. Civ. P. 12(b)(6).) A claim must be dismissed when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (*Neitzke v. Williams* (1989) 490 U.S. 319, 327.) In reviewing a complaint under Rule 12(b)(6), all allegations of material fact must be taken as true. (*Newman v. Sathyavaglswaran* (9th Cir. 2002) 287 F.3d 786, 788.) The Court need not accept as true conclusory allegations or legal characterizations. Nor need it accept unreasonable inferences or unwarranted deductions of fact. (*In re Delorean Motor Co* (6th Cir. 1993) 991 F2d 1236, 1240,  *Transphase Systems, Inc. v. Southern Calif. Edison* (CD CA 1993) 839 F. Supp 711, 718.)

Courts, however, will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." (*Associated General Contractors of California, Inc. v. California State Council of Carpenters* (1983) 459 U.S. 519, 526.) Dismissals under Rule 12(b)(6) are proper when there is a lack of a cognizable theory or an absence of sufficient facts alleged under a cognizable legal theory. (*Navarro v. Block* (9th Cir. 2001) 250 F. 3d 729, 732.)

Further, under Federal Rule of Civil Procedure 12(b)(6) a complaint should be dismissed where it appears with certainty that the Plaintiff would not be entitled to relief under any set of facts that could be proven. *(Reddy v. Linton Indus,* (9th Cir. 1990) 912 F.2d 291, 293, *cert denied*, 502 US 921 (1991).   As set forth below, Plaintiff's claims in this case are barred by either and/or all of the above FRCP 12(b)(6) grounds.  Hence, his Complaint must be dismissed for failure to state a cause of action.

    b.  <u>Plaintiff Has Failed to Allege Sufficient Facts  to State a Section §1983 Claim against County Defendants</u>

        i.  *Plaintiff Has Failed to Allege Facts to Support a Violation of His Constitutional Rights by County Defendants' Policies, Customs, or Practices*

A public entity is only liable under 42 U.S.C § 1983 where it has a policy, custom or practice that violates the constitutional rights of an individual. *Monell v. Dep't of Social*

*Services.,* 436 U.S. 658, 691(1978). It bears no vicarious liability for the acts or omissions of, for example, employees. (*Ibid.*) "[T]o prevail on their § 1983 claims, plaintiffs must have sufficiently alleged that: (1) they were deprived of their constitutional rights by defendants and their employees acting under color of state law; and (2) that the defendants have customs or policies which 'amount[] to deliberate indifference' to their constitutional rights; and (3) that these policies are the 'moving force behind the constitutional violation.'" *Lee v. City of Los Angeles*, 250 F3d 668, 681-682 (9th Cir, 2001).

The "policy" Plaintiff seeks to hold County Defendants liable for is a policy of following California law. In California, "[w]henever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, [...] the peace officer may [...] immediately arrest that person and cause the removal and seizure of that vehicle [....]. A vehicle so impounded shall be impounded for 30 days." (Cal. Veh. Code §14602.6(a)(1).) Applicable notice and hearing requirements are set forth in Cal. Veh. Code § 22852, with which Plaintiff concedes County Defendants substantially complied setting a "Tow Hearing" on his demand. (Complaint C08-01802, at 15:6-7.)

Quite simply, there is no *Monell* liability for County Defendants' adherence to state arrest and impoundment procedures. As such, Plaintiff has failed to state a cause of action against County Defendants.

          *ii.  Plaintiff Has Failed to Identify A Constitutional Right That Was Violated.*

"The causation requirement of section 1983 is not satisfied by a showing of mere causation in fact. *See* W. Prosser, Law of Torts § 41 at 238-239 (4th ed, 1971). Rather, the plaintiff must establish proximate or legal causation." *Arnold v. Int'l Business Machines Corp.,* 637 F2d 1350, 1355 (9th Cir. 1981). Defendants' acts must be the proximate cause of the injury. (*Ibid.*) The Court need not accept as true conclusory allegations or legal characterizations. Nor need it accept unreasonable inferences or unwarranted deductions of fact. *In re Delorean Motor Co* (6th Cir. 1993) 991 F2d 1236, 1240, *Transphase Systems, Inc. v. Southern Calif. Edison* (CD CA 1993) 839 F. Supp 711, 718.

1   The crux of Plaintiff's Current Complaint is that he was unlawfully stopped, arrested, and

2   his vehicle was seized on some unspecified date outside Alameda County's geographic

3   boundaries.  (Complaint, at 3:22-24 and 4:6-7) He provides no law facially supporting the

4   illegality of the alleged conduct, nor does he allege any facts disputing that the County

5   Defendants acted within the scope of the authority granted them pursuant to Cal Penal Code

6   830.1.

7   Plaintiff's mere conclusions are not only insufficient, most are also incorrect and

8   contradictory.  As such, County Defendants' actions were consistent with state law and

9   satisfied Plaintiff's due process protections as specifically discussed below.

### 1.  Towing, Impoundment, Arrest, and Hold Did Not Violate Plaintiff's Constitutional Rights (Claim 1,2,3,4,6)

County Defendants acted within California law in arresting Plaintiff and impounding his

Vehicle.

> "Any sheriff, undersheriff, or deputy sheriff, employed in that capacity, of a county […]any police officer, of a city, […]or […]of a district, […] authorized by statute to maintain a police department, […] is a peace officer. The authority of these peace officers extends to any place in the state, as follows:  (1)As to any public offense committed or which there is probable cause to believe has been committed within the political subdivision that employs the peace officer or in which the peace officer serves. […] (3) As to any public offense committed or which there is probable cause to believe has been committed in the peace officer's presence, and with respect to which there is immediate danger to person or property, or of the escape of the perpetrator of the offense.  (Cal Pen Code § 830.1)

> "A peace officer… may remove a vehicle located within the territorial limits in which the officer or employee may act, under the following circumstances…(h)(1) When an officer arrests a person driving or in control of a vehicle for an alleged offense and the officer is, by this code or other law, required or permitted to take, and does take, the person into custody." (Cal. Veh. Code 22651(h)(1).)

> "Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, … the peace officer may either immediately arrest that person and cause the removal and seizure of that vehicle ….. A vehicle so impounded shall be impounded for 30 days." (Cal. Veh. Code §14602.6(a)(1).)

Under the most liberal reading of Plaintiff's alleged facts, if Defendant officers first

spotted Plaintiff's vehicle within Contra Costa County, and if the pursuit of his vehicle did not

1  lead him over the section of Acosta Blvd, which lies in Alameda County, Plaintiff still fails to

2  allege a claim upon which relief may be granted, because the Complaint fails to address the

3  scope of authority granted to all peace officers within the State of California, pursuant to Cal.

4  Penal Code§ 830.1.  Under Penal Code§ 830.1, the authority of officers to make arrests on

5  pending warrants is not limited by County Jurisdictional lines. Plaintiff was pulled over while

6  driving his Vehicle. (Complaint C08-01802, at 2:17-19, 5:9.)  Here, a warrant check revealed

7  that Plaintiff was operating a vehicle on a suspended license, and already had a warrant out for

8  the same infraction. (Complaint C08-01802, at 6:1-6)  On this basis, officers placed Plaintiff

9  under arrest and had the Vehicle impounded. (Complaint C08-01802, at 11:12-15) Per "state

10  law and local ordinance", the Vehicle was ordered to be held for 30 days. As such, a thirty day

11  hold is *required* by Cal. Vehicle Code § 14602.6(a)(1) when, as here, the driver is arrested for

12  driving on a suspended license and the vehicle is impounded. (County Defendants provided

13  Plaintiff with the opportunity for a post-storage "Tow Hearing" in substantial compliance with the

14  statutory scheme. "Whenever an authorized member of a public agency directs the storage of a

15  vehicle… the agency or person directing the storage shall provide the vehicle's registered and

16  legal owners of record, or their agents, with the opportunity for a poststorage hearing to

17  determine the validity of the storage." (Cal. Veh. Code § 22852(a).  A notice shall be mailed

18  within 48 hours of the impoundment, and if a request is made, a hearing shall be held within

19  ten days of such request. (Cal. Veh. Code § 22852(b).  Moreover, a tow hearing under Cal.

20  Vehicle Code § 22852 "satisfies due process concerns." (*Scofield v. Hillsborough,* (9th Cir.

21  1988) 862 F.2d 759, 764).

22        Plaintiff personally appeared before County Defendant DPS and SGT. LTYLE the day

23  following his arrest and requested that the Vehicle be released immediately. (Complaint C08-

24  01802, at 11:11-13)  While no notice had yet been mailed, County Defendants on Plaintiff's

25  verbal request set a hearing within the ten day period, for April 1, 2008. (Complaint C08-01802,

26  at 15:6-9)  Plaintiff was allowed to testify extensively before the Tow Hearing Officer, but was

27  not permitted to have witnesses testify on his behalf. (Complaint C08-01802, at 15:12 – 16:17.)

28

1
2
3
4
5
6
7

Plaintiff's challenge of the validity of the impoundment failed because County Defendants were allowed to hold Plaintiff's Vehicle for 30 days incident to an arrest pursuant to Cal. Veh. Code § 14601.2. (Complaint C08-01802, at 16:7-8)  Because the statutory notice of right to a hearing had been mailed two days late, despite the timely scheduling of the hearing, the Tow Hearing Officer agreed to impound Plaintiff's vehicle for only fifteen days, instead of the statutory thirty. (Complaint C08-01802, at 16:15-16). Plaintiff was able to pick up his Vehicle on April 8, 2008. (Id.)

8
9
10
11
12

Plaintiff was provided with his requested "Tow Hearing."  His challenge to the validity of the underlying arrest failed because he was caught driving on a suspended license. Thus, his challenge of the validity of the tow and impoundment also failed. Plaintiff was afforded a tow hearing in accordance with the statutory mandates of the California Vehicle Code.  (Complaint C08-01802, at 3:9.)

13

### 2.  There is No Inalienable Right to Drive Without a License

14
15
16
17
18
19
20
21

COUNTY DEFENDANTS are unable to ascertain the nature and legal authority for the Plaintiff's claim entitled, "Denial of the Right to Travel."  On its face the Complaint appears to challenge the legality of any Constitutional or Statutory scheme which would condition Plaintiff's ability to drive on the lawful possession of a valid driver's license. Thus, COUNTY DEFENDANTS are unable to offer a meaningful response, except to note that any new challenge to the validity of pre-existing Constitutional or Statutory law does not create a viable cause of action under 42 U.S.C. 1983.

22
23
24
25
26
27

PLAINTIFF does not deny that he held no valid drivers license.  COUNTY DEFENDANTS acted pursuant to Cal. Veh. Code §14602.6(a)(1), which is a clearly established law falling within the states' Constitutional authority to enact laws protecting the Health, Safety, and Welfare of its citizens.  Thus, the claim is not one for which relief could be granted. Under Federal Rule of Civil Procedure 12(b)(6) this claim should be dismissed as it appears with certainty that the Plaintiff would not be entitled to relief under any set of facts that

28

could be proven. *(Reddy v. Linton Indus,* (9th Cir. 1990) 912 F.2d 291, 293, *cert denied,* 502 US 921 (1991).)

Alternatively, if this challenge to the California Vehicle Code were a claim for which relief could be granted, COUNTY DEFEDANTS hold qualified immunity from suit for the alleged Constitutional violation, because a reasonable officer in their position would believe they were acting under clearly established law.  *Saucier v. Katz*, (2001)  533 U.S. 194, 201; Harlow v. Fitzgerald, 457 U.S. 800 (1982).   Thus, the claim should also be dismissed with prejudice on grounds of COUNTY DEFENDANTS' qualified immunity.

c.  Plaintiff's Complaint Fails to State a Cause of Action against COUNTY DEFENDANTS

As the Court noted in *Saucier v. Katz* , "A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." *Saucier v. Katz*, (2001)  533 U.S. 194, 201, citing *Siegert v. Gilley* (1991) 500 U.S. 226, 232.)   "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." (Id.)

When this standard is applied, it is clear that no causes of action sound against Defendants WHEATFALL, GARTH, any UNNAMED OFFICER, or any named or unnamed defendant.  In all instances throughout the Complaint, Plaintiff asserts his allegations against "Police Officer" or "Police Officers" without specifying which individual was an acting party. Regardless of which COUNTY DEFENDANT Plaintiff may allege as a perpetrator of any civil rights violation alleged in the Complaint, the alleged acts fail to state a cause of action that would show a constitutional violation or pierce the COUNTY DEFENDANTS' qualified immunity.

Plaintiff's attention to the second prong of a qualified immunity analysis fails without satisfaction of the first prong.  Plaintiff was first required to show that a constitutional right was

violated. However, as discussed above, because no constitutional right was violated, there is no reason to assess whether any COUNTY DEFENDANT would have understood that he was violating a right. Thus, no cause of action against any COUNTY DEFENDANT exists because no violation of law or clearly established law occurred.

E.  IN THE EVENT THE COMPLAINT IS NOT DISMISSED, THIS COURT SHOULD ORDER
    PLAINTIFF TO FILE A MORE DEFINITE STATEMENT

    a.  FRCP 8 Standard

    "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, *shall* contain (1) a *short and plain* statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; (2) a *short and plain* statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded." FRCP 8(a), emphasis added. Also, "each averment of a pleading *shall* be *simple, concise, and direct*." FRCP (8)(e)(1).

    As drafted, Plaintiff's 21 page Complaint does not comply with FRCP 8 requiring the pleading be simple, concise and direct. On the contrary, it is a tirade of his personal property rights intermixed with vague and conclusory references to a valid arrest and temporary impoundment of his Vehicle "under color of law," complimented by a vague discussion sharing his wishes that driving did not require a valid license. For the reasons set forth below, this Court should order Plaintiff to file a more definite statement consistent with FRCP 8.

    b.  12(e) Standard

    "A party may move for a more definite statement of a pleading … which is so vague or ambiguous that the party cannot reasonably prepare a response." (FRCP 12(e).) "The basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice,

1  the complaint is deemed sufficient." *SEC v. Digital Lightwave*, (2000 DC FL) 196 F.R.D. 698,

2  700, citing,  *Sun Co., Inc. v. Badger Design (ED Pa 1996) 939 F. Supp. 365.*

3          c.  <u>Plaintiff's Complaint is So Indefinite that Defendants Cannot Be Expected to Frame</u>
   <u>a Proper Response in Good Faith Without Prejudice</u>

4        Plaintiff uses 21 pages of cut-and-paste citations to case law in his complaint to argue his

5  alleged entitlement to drive without a valid license and subvert the California statutory scheme.

6  The Complaint repeats full paragraphs of conclusory allegations relating allegedly clearly

7  established constitutional and statutory "rights."  It recounts conflicting versions of the same

8  alleged incident: When his vehicle was towed incident to his arrest for driving on a suspended

9  license.  The Complaint cites no specific law or statute, which he claims COUNTY

10 DEFENDANTS violated.  The Complaint is presented as a grievance to the rule of law and not

11 presented to state a cause of action.  Defendants are unable to respond in any coherent

12 manner to the Complaint as drafted.

13       As described above, Plaintiff's Complaint is deficient in many ways such that

14 Defendants are unable to frame a proper response in good faith without prejudice.  In order for

15 Defendants to respond in a meaningful way such that this matter may be efficiently resolved,

16 Plaintiff should be ordered to file a clear and concise Complaint to which Defendants may then

17 respond.

18 F.  PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN PER FRCP 12(f)

19       a.  <u>12(f) Standard</u>

20       A party may move to strike any "insufficient defense or any redundant, immaterial,

21 impertinent or scandalous matter." (FRCP 12(f).) Published decisions relating to motions to

22 strike are few in the 9th Circuit because they generally appear to be resolved at the district court

23 level. In a published opinion from the Eastern District of Pennsylvania, the Court faced a nearly

24 identical situation as that faced by County Defendants. In granting the defendant's motion to

25 strike all material contained in plaintiff's "legal claim" argument portion of his complaint, the

26 court reasoned: "The material contained in pages 15 - 48 is legal argument in support of the

1  claims. It would be unfair to allow this material to remain in the Complaint because Defendants

2  would be compelled to *weed through the verbiage* and respond to the material contained

3  therein or risk having the material deemed admitted. Retention of this material would be

4  prejudicial to Defendants." (*Barrett v. City of Allentown*, (1993) 152 F.R.D. 50, 52, emphasis

5  added.)

6        b.  <u>This Court Should Strike Plaintiff's Entire Complaint</u>

7        Like *Barret*, Plaintiff's 21-page Complaint is almost entirely "argument" with splices of

8  facts interwoven for illustration. The burden in combing through each paragraph, and admitting

9  or denying such that this Court can accurately determine Defendants' position is nearly

10  impossible.  Because so much of the Complaint is argument in support of Plaintiff's claims, like

11  *Barrett*, were it possible to do so, this Court could simply strike all of Plaintiff's legal claims.

12  However, because Plaintiff's legal arguments start on page one, end on page twenty-one, and

13  are indecipherably intertwined with all of the facts and conclusory allegations, this Court should

14  strike Plaintiff's Complaint in entirety.  County Defendants see no alternative that would not

15  prejudice their ability to respond without the risk of having material deemed admitted.

16

17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27

28

1

**IV. CONCLUSION**

2    Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure

3  12(b)(6) for failure to state a claim upon which relief should can be granted. Alternatively,

4  Plaintiff should be ordered to file a more definite statement pursuant to Federal Rule of Civil

5  Procedure 12(e) and strike the redundant matter.

6

7  DATED:   July 15, 2008                    RICHARD E. WINNIE
                                             County Counsel in and for the County of
8                                            Alameda, State of California

9

10                                                *s/ Diane C. Graydon*
                                           By _____
11                                              DIANE C. GRAYDON
                                                Deputy County Counsel
12                                              Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28