

WILLIAM  J.  WHITSITT
335  W.  CLOVER  ROAD
TRACY,  CA  95376
(209) 221-1405
WHITSITTW@GMAIL.COM

IN  PROPRIA  PERSONA

IN UNITED STATES DISTRICT COURT FOR NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

| | |
|---|---|
| WILLIAM  J.  WHITSITT<br>**(PLAINTIFF)**<br><br>--------------VS--------------<br><br>**Wheatfall # 429  -  Alameda County Sherif**<br><br>**A. Garth # 1340 - Alameda County Sherif**<br><br>**Unnamed Police Officer Alameda County Sherif**<br><br>**Tow Operator - Central Towing and Transporting**<br><br>**COUNTY OF ALAMEDA SHERIF DEPARTMENT**<br><br>**City of Dublin Police Services**<br><br>**10 UNNAMED DEFENDANTS**<br>**(DEFENDANTS)** | **Case No.:  C08 - 02139 JSW**<br><br>**OPPOSITION AND OBJECTION TO MOTION FOR DISMISSAL PURSUANT TO FRAP 12(b)(6), OR ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO STRIKE .**<br><br>Hearing For: **Motion to Dismiss**<br>Hearing Date: **September 3rd, 2008**<br>Hearing Time: **10:AM**<br>    Judge: **Honorable Jeffery S. White**<br>    Courtroom: **#G** |

I  William  J.  Whitsitt,  do  hereby  File  with  this  Court  My  Opposition  and  Objection  To Motion  for  Dismissal  Against  Defendant  Tow  Operator,  Central  Towing  and  Transporting.

## (1.) - (INTRODUCTION).

**OBJECTION:**  I  Must  Object  and  Protest  here  at  Defendants  Counsel's  Attempt  to Discredit,  and  Injure  my  Reputation  and  Good Name  in  Violation  of  Federal  Law  against  Slander

and Injuring Reputation of Opposing Party not Represented by Counsel and Attempting to Prejudice the Court and Proceedings. See: **Paul v. Davis, 424 U.S. 693, 722 -723 (1976).** Which states:

"Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential."

Cut and Paste Complaint is Not a Good Explanation for my Complaint. Police Traffic Stop took place almost a Half mile into Contra Costa County. Nowhere along Alcosta Blvd. does it enter into City of Dublin Jurisdiction. The Side Walk on Alcosta Blvd. is at the Closes point over 50 feet from City of Dublin and Alameda County Jurisdictional Boundaries. The middle of Alcosta Blvd. from the County Contra Costa Boundary is over 150 feet alone. The City of Dublin Police Services Officers have No Authority, Jurisdiction to even be on Alcosta Blvd. whatsoever. Dublin Police Services Officer's \ Alameda County Sheriffs Have No Authority to be in Contra Costa County's Jurisdictional Boundaries whatsoever. There are Implied Constitutional Jurisdictional Limits by Boundaries, that Place Expressed and Implied Limitation on Authority. Even the County and City Police Powers are Subject to those Expressed and Implied Limitations by Jurisdictional Boundaries. The County of Alameda Sheriffs Department and the City of Dublin Police Services do Not have Unquestioned Authority to enforce Police Powers and County Ordinances beyond the Territorial Boundaries of their Jurisdiction as the U.S. Congress and California Stated Legislature in the State of California does. See: **EEOC v. Arabian - American Oil Co., 499 U.S. 244.** The Dublin Police \ Alameda County Sheriffs Deputies where Not involved in an ongoing Investigation with San Ramon Police and Contra County Sheriffs Department. Thus, Jurisdiction Limitations of County Boundaries do place an Implied and Expressed Limitation to those Boundaries. See: **U.S. v. Mayo, 394 F.3d 1271 (9th Cir. 2005).** The U.S. Supreme Court stated that Territorial Jurisdictional Boundaries place Implied Limitations to act within those Boundaries only. See **International Shoe Co. v. Washington, 326 U.S. 310, 316 and Shaffer v. Heitner, 433 U.S. 186, 212.** Seizing my Person outside of City and County Boundaries, Territorial limits, Violates the

Fourth and Fourteenth Amendments.

The 100 feet that County Counsel States here is Not Correct. The County and City Boundary of Territorial Limits is over (50) Feet from the Alcosta Blvd Sidewalk. Alcosta Blvd. is about 100 feet wide from the edge of Sidewalk to other side's edge of Sidewalk. Davona Drive and Interlachen Ave. Where I was stopped is an Additional 1200 or more feet into Contra Costa County. The Dublin Police / Alameda County Sheriffs Deputies who stopped me where Not in their Territorial Jurisdictional Boundaries to begin with on Alcosta Blvd.. There is Nothing wrong and that Violate Federal Rules of Civil Procedures in cutting and Pasting Legal Quotes or Authorities.

**The Right to Drive my Vehicle upon the Public Roads and Highways is Not on Trial Here.**

The Defendants must Make a Reference to a Redundant Statements they Proposed to Strike.

"The Court has recognized the serious damage that could be inflicted by branding a government employee as 'disloyal,' and thereby stigmatizing his good name"); **Wisconsin v. Constantineau**, 400 U.S. 433, 437 (1971).

My Past before this Case at bar is Not on Trial before this Court and I Must OBJECT and PROTEST against this Act of Unfairness and Unfair Play in this Court. I thus Move this Court to Set Aside these Slanderous and Unlawful Statements and Allegations against my Past which is a Protected Constitutional and Civil Right under Liberty. I Move this Court to Sensors those Statements and to Sanction the Attorney Bruce D. Prescott CSB No. 120980   Daphne C. Lin  CSB  No. 193214.  See also: **Gertz v. Robert Welch, Inc.**, 418 U. S. 323, 341 (1974):

"[T]he individual's right to the protection of his own good name 'reflects no more than our basic concept of the essential dignity and worth of every human being-a concept at the root of any decent system of ordered liberty.'"

See  also: **DUN & BRADSTREET, INC. v. GREENMOSS BUILDERS**, 472 U.S. 749, id at 758 (1985).

My Good Name and Reputation and Integrity and how this Court will view me is very

1  important to the outcome of my Proceedings and Case. Thus, I move this Court to Order

2  Sanctions and Protection against this happening any more and to Set Aside Past Statements that

3  bring into Questions of my Past, that are Prejudicial and Damaging to my Person and Past.

4  I Move this Court to further Order the Withdrawal and Striking of all the Prejudicial Statements.

5  ## (II.) - (STATEMENT OF FACTS)

6
7  The Traffic did Not take Place on Alcosta Blvd. or in Region straddling Alameda County

8  and Contra Costa County lines. Alcosta Blvd. is no where within Alameda County Territorial

9  Limits. Thus Dublin Police \ Alameda County Sheriffs Deputies had No Authority or Jurisdiction

10 to be Patrolling Alcosta Blvd. whatsoever. There is No Authority and Jurisdiction to Patrol or

11 Exercise Police Powers outside of Alameda County and City of Dublin Territorial Boundaries.

12 Thus, Acting in Excess of or Lack of Authority and Police Power Jurisdiction. Thus, Clearly

13 Establishing a Violation of my Civil and Constitutional Rights under the Color of State Law.

14 When a Police officer acts outside of Authority and Jurisdiction of City or County Police Powers, is not entitled to Claim Qualified

15 or Good Faith Immunity, see: Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Thus Establishing Clearly Violated

16 Established Constitutional and Civil Right. See: Saucier v. Katz, (U.S. 2001), 533 U.S. 194, 121 S. Ct. 2151,

17 150 L. Ed. 2d. 272.

18
19 The License Plate was readable because the Wheatfall No. 429 stated that after the Stop.

20 I asked him to Prove that my Stop Light was out he refused to Prove that Violation. Thus,

21 Probable Cause is Clearly Violated and Traffic Stop is Unreasonable, Unlawful and in Violation

22 of the Fourth and Fourteenth Amendments.

23 The Arrest Warrant claimed here is being Challenged as Unlawful and in Violation of

24 Judge's Lawful Jurisdiction to Issue. Let Notice be taken here that a Warrant for Failure to

25 Appear is a Civil Contempt Action and Not Covered by Judicial Immunity. Let Notice be taken

26 here that a Misdemeanor Warrant is Not a Probable Cause Warrant. See: United States v. Vazquez-

27 Pulido , 155 F.3d 1213, 1216 (10th Cir.), cert. denied , 119 S. Ct. 437 (1998).

28

A term used to express every offense inferior to felony, punishable by indictment, or by particular prescribed proceedings. In its usual acception, it is applied to all those crimes and offenses for which the law has not provided a particular name. **Bouvier's Law Dic. 1914, p. 2222.**

The Misdemeanor Traffic Warrant did Not give rise to Probable Cause. There was No Probable Cause for the Traffic Stop and thus Warrant Check was Unlawful and in Violation of the Fourth and Fourteenth Amendments. There can be NO Probable Cause for a Traffic Stop outside of Territorial Boundaries of Jurisdiction and Authority.

Suspended License is Not Correct because I have asked for and Demanded for a License Suspension Hearing (14) Times in this past 4 years. Let Notice be taken here, that there are NO Convictions of Driving on a **Suspended Driver's Right License**. Thus, with No Convictions You have No Proof that Suspension is even Valid or Lawful. I Have Not been Convicted of this Allegation or Crime.

## **(NO PROOF OF ANY CRIMINAL CONVICTIONS)**

In Punishing me by Towing and Seizing of my Vehicle and Arrest of my Person has been Done without Proving that I Committed a Crime beyond a Reasonable Doubt. The City Police Agency has No Proof whatsoever that I have been Convicted of any Crime. In Order to Prove I deliberately drove in Violation of Law there must be Proof beyond a Reasonable Doubt that I was Convicted of any Crime, to which **14602.6(a)(1)** Penalty is applicable for. See: U.S.C.A. Const. Amend. 14. Carella v. California, 109 S.Ct. 2419, 105 L. Ed.2d 218, rehearing denied, 110 S. Ct. 23, 106 L. Ed.2d 636; Barnes v. U. S., 93 S.Ct. 2357, 412 U.S. 837, 37 L. Ed.2d 380. Thus, Penalty of Arrest and Towing, Seizure (Hold) of Vehicle Action was taken without and in Violation of Heightened Due Process Requirements of Fourteenth Amendment.

Being Charged for a Crime before Trial begins is only an Allegation of a Crime. There is Legal Difference between being Charged by Allegation and Actual Conviction and being Penalized for that So-called Civil Crime by imposition of a Civil Penalty. Being Penalized before

1   ever going to Trial for an Allegation of Civil Crime that I will without any Doubt whatsoever

2   Defeat soundly is Deprivation of Heightened Due Process Requirements Fourteenth Amendment.

3   See: Reno v. Flores, 507 U. S. 292, 301-302 (1993); Washington v. Glucksberg, 521 U. S. 702, 719 (1997).

4   The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due
5   process of law." We have long recognized that the Amendment's Due Process Clause, like its Fifth Amendment
    counterpart, "guarantees more than fair process." Washington v. Glucksberg, 521 U. S. 702, 719 (1997). The Clause
6   also includes a substantive component that "provides heightened protection against government interference with
    certain fundamental rights and liberty interests." Id., at 720; see also Reno v. Flores, 507 U. S. 292, 301-302 (1993).

7
8       Not to mention the **Constitutional Guarantee and the Presumption that I Innocent until**
9   **Proven Guilty**. Isn't this Interest in Justice what truly Separates the U.S. from other

10  Totalitarian Governments. The Named Defendants are Professionals it is their Duty to Know the

11  Law and at their Peril abide their Actions within those Constitutional and Lawful Limitations.

12  There is No Reliance on Good Faith when they have a Computer in the Patrol Cars and they

13  must have seen that I had been Charged with an Alleged Crime and Not Convicted of that

14  Crime. There can be No Immunity deprivation of Clearly Established Constitutional Right to

15  Trial before being Hung on a Tree. The Right to the Presumption of Innocense was

16  Recognized before Magna Carta

17
18  The *Magna Charta* provided that: '*No Freeman shall be taken, or imprisoned, or be disseised of his Freehold, or
    Liberties, or free Customs, or be outlawed, or exiled, or any otherwise [397 U.S. 358 , 379] destroyed; nor will
19  we not pass upon him, nor condemn him, but by lawful Judgment of his Peers, or by Law of the Land.*' IN RE
    WINSHIP, 397 U.S. 358 (1970)

20      Thus, Police Action is Arbitrary, Excessive, Capricious and a Violation of my

21  Constitutional (Fourteenth Amendment) and Civil Rights, (Section 1983). Thus Penalty is Assessed

22  without Proof of a Conviction. The Cal. Veh. Code **14602.6(a)(1)** allows the Policeman Uncontrolled

23
24  Discretion to Tow and Impound Vehicle without Proof of any Convictions of any kind. This

25  Constitutes a Punishment without a Conviction and Denial of Heightened Due Process

26  Requirements. This is Unconstitutional on its Face. See: ROBERTSON v. CALIFORNIA, 498 U.S. 1004 (1990);

27  Stanley v. Illinois, 405 US 645, 647; Fuentes v. Shevin, 407 US 67, 92 S.Ct. 1983; IN RE WINSHIP, 397 U.S. 358 (1970);

28

1  **Washington v. Glucksberg,** 521 U. S. 702, 720 (1997).

2  It allows for a Tow and Impoundment without having to Prove that Vehicle's Owner was

3  Convicted or the Suspension is even Justified. It allows a Penalty of (30) Impoundment without

4  Proof beyond a Reasonable Doubt that the Vehicle's Owner is Guilty of any Crime whatsoever.

5  In our System of Justice and Due Process of Law, before a Defendant or the Accused can

6  be Penalized (Impoundment of Vehicle for 30 Days) for a Criminal or under th Color and

7  Guise of a Civil Penalty Act, the Charge must be proven beyond a Reasonable Doubt.

8

9  Due process clause of the **Fourteenth Amendment** denies states the power to deprive the accused of liberty or
property unless the prosecution proves beyond a reasonable doubt every element of the charged offense; Jury
instructions relieving states of this burden violate a defendant s due process rights. U.S.C.A. Const. Amend. 14.
10  Carella v. California, 109 S.Ct. 2419, 105 L. Ed.2d 218, rehearing denied 110 S.Ct. 23, 106 L. Ed.2d 636, U.S.
11  Cal. 1989; Barnes v. U. S., 93 S. Ct. 2357, 412 U.S. 837, 37 L. Ed.2d 380.

12  The Seizing and taking of my Property and Seizing and Arresting of my Person without

13  proof of any Conviction and Criminal Charge beyond a Reasonable Doubt, Violates the Fourth

14  and **Fourteenth Amendments** and **42 U.S.C.A. Section 1983.** Let Judicial Notice be taken here

15  that the Named Individual Police Officer's had to or must have Known that I was Not

16  Convicted of any Crime whatsoever. It is right there on their Computer Screen to which they

17  have a Laptop Computer which has Internet Access and they had my Record on the Screen.

18  When they called to Verify my Driver's License the Dispatcher had that information also. There

19  can be No Good Faith or Qualified Immunity for a Police Officer who takes the Law unto

20  their Own Hands and makes Discretionary Call like Considering that I am Guilty of a Crime

21  and Seizes my Vehicle and Person without Probable Cause or Seizure and Valid Arrest Warrant.

22

23  *Any detention beyond the period within which a warrant could have been obtained rendered the officer liable for
false imprisonment.* See, e.g., Twilley v. Perkins, 77 Md. 252, 265, 26 A. 286, 289 (1893); Wiggins v. Norton, 83
24  Ga. 148, 152, 9 S.E. 607, 608-609 (1889); Brock v. Stimson, 108 Mass. 520 (1871); Annot., 98 A.L.R.2d 966
(1964). COUNTY OF RIVERSIDE v. McLAUGHLIN, 500 U.S. 44 (1991)
25

26  The Statement that I Choose to Drive even though I knew my Right to Drive was

27  Suspended is also Incorrect. Driving is Not a State of California granted Privilege which is

28

1    Summarily Suspended or Revoked at the will of the Legislature. The Right to Drive and Use

2    my Vehicle for Private Travel is a Vested Right. See: **(Berlinghieri v. Department of Motor Vehicles,**

3    **(1983)** **33 Cal.3d 392, 395 [188 Cal.Rptr. 891, 657 P.2d 383].)** But however substantial such a property interest may

4    be, it is no more substantial than the right to pretrial freedom in criminal cases because of the presumption of innocence.

5    **Gerstein v. Pugh, (1975) 420 U.S. 103 [43 L. Ed.2d 54, 95 S.Ct. 854]** .

6        All the above being said, the Right to Drive and or Privilege Right Doctrine is Not

7    on Trial here. I Must Object and Protest to this Prejudicial Material Statement of Facts.

8        Now we must also take into account, did I Have an Outstanding Warrant that was Truly

9
10   Valid, Lawful and Jurisdictional? The Named Defendants have no Idea or Understanding or Valid

11   Proof to make that Statement.

12       **California Vehicle Code Section 14602.6** is Clearly Unconstitutional on its Face and in

13   Violation of the **Fourth Amendment** and Case Law Precedents.

14   The majority of the court concluded that, absent exigent circumstances, the *Fourth Amendment* requires the police
     to obtain a warrant prior to seizing property that has been used in violation of the Act. Ibid. According to the court,
15   the fact that the police develop probable cause to believe that such a violation occurred does not, standing alone,
     justify a warrantless seizure. The court expressly rejected the holding of the Eleventh Circuit, see United States v.
16   Valdes, 876 F. 2d 1554 (1989), and the majority of other Federal Circuits to have addressed the same issue in the
17   context of the *federal civil forfeiture law*, 21 U. S. C. §§881, which is similar to Florida's. See United States v. Decker
     , 19 F. 3d 287 (CA6 1994) (per curiam); United States v. Pace, 898 F. 2d 1218, 1241 (CA7 1990); United States
18   v. One 1978 Mercedes Benz, 711 F. 2d 1297 (CA5 1983); United States v. Kemp, 690 F. 2d 397 (CA4 1982);
     United States v. Bush, 647 F. 2d 357 (CA3 1981). But see United States v. Dixon, 1 F. 3d 1080 (CA10 1993);
19   United States v. Lasanta, 978 F. 2d 1300 (CA2 1992); United States v. Linn , 880 F. 2d 209 (CA9 1989). See
     also: UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993).
20

21   E.g. , United States v. United States Dist. Court for Eastern Dist. of Mich. , 407 U. S. 297, 315-318 (1972) ("Though
     the *Fourth Amendment* speaks broadly of `unreasonable searches and seizures,' the definition of `reasonableness'
22   turns, at least in part, on the more specific commands of the warrant clause"); Coolidge v. New Hampshire, 403 U.
     S. 443, 454-455 (1971); Katz v. United States, 389 U. S. 347, 357 (1967); Johnson v. United States, 333 U. S.
23   10, 13-14 (1948); Harris v. United States, 331 U. S. 145, 162 (1947) (Frankfurter, J., dissenting) ("[W]ith minor
     and severely confined exceptions, inferentially a part of the Amendment, *every search and seizure is unreasonable*
24   *when made without a magistrate's authority expressed through a validly issued warrant"*), overruled in part by
     Chimel v. California, 395 U. S. 752 (1969); see also Shadwick v. Tampa, 407 U. S. 345, 348 (1972) *(noting "the*
25   *now accepted fact that someone independent of the police and prosecution must determine probable cause");*
     Wong Sun v. United States, 371 U. S. 471, 481-482 (1963).
26

27       The Decision above makes it very Clear that: *Fourth Amendment requires the police to obtain a*

28   *warrant prior to seizing property that has been used in violation of the Act.* United States v. Valdes, 876 F.2d 1554

1  (1989); **UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993)**. Federal

2  Forfeiture Law Requires City or County Police Agency to get a Fourth Amendment Seizure

3

4  Warrant Prior to Holding, (Seizing) Private Property (Vehicle). Thus, and Invalid California Vehicle

5  Code made in Violation of the Federal Constitution and Federal Law. The Supremacy of the

6  Federal Constitution and Federal Law are the Supreme law of the Land. See: **9 Wheat. (22 U.S.),**

7  **210-211 (1824). See the Court's discussion of Gibbons in Douglas v. Seacoast Products, 431 U.S. 265, 274-279 (1977).**

8       It (**Article VI, Clause 2**), the Supremacy Clause goes on to State:

9     Clause 2. This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all
      Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the
10    Land; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the
      Contrary notwithstanding.
11

12       No State Law can be Valid if it Violates the Federal Constitution, and Rights and or

13  Federal Law. Thus any State Law Violation of the Fourth and Fourteenth Amendment Rights and

14  Federal Law and or Federal Forfeiture Law must Yield. No State Law can Authorize a

15  Violation thereof a Constitutional Right or Federal Law.

16  ## (III) - (ARGUMENT - LEGAL ANALYSIS).

17       I Must OBJECT here, because even though the Counsel for the Alameda County has

18  Correctly Quoted **12(b)(6) of Federal Rules of Civil Procedure**, it is being Misapplied.

19

20    The standard is a liberal one that does not require the Plaintiff to set forth all the factual details of his claim, rather,
      all the standard requires is that plaintiff give the defendant fair notice of the claim and the grounds for making that
21    claim. Leatherman v. Tarrant County Narcotics Intell & Coord. Unity, 507 US 163, 168 (1993)
      Citing: Conley v. Gibson, 355 US 41, 47 (1957).

22       This quote above is for Complaints filed by Pro Se Litigants like myself and Application

23  of **12(b)(6) Federal Rules of Civil Procedure**. "...pro se complaint, which we hold to less stringent standards

24
    than formal pleadings drafted by lawyers, see: **Conley v. Gibson**, 355 U.S. 41, 45 -46 (1957). See **Dioguardi v. Durning**, 139
25
26  F.2d 774 (CA2 1944). In **Haines v. Kerner**, 404 US 519, 521. A liberal reading of the Complaint will show

27  the Court that I have given the Defendants: all the standard requires is that plaintiff give the defendant fair

28

1  notice of the claim and the grounds for making that claim. **Leatherman v. Tarrant County Narcotics Intell & Coord.**

2  **Unity, 507 US 163, 168 (1993)**. Fair Notice of the Claim and grounds for making that Claim

3  is the Standard that I am Held to. Let us Dissect each and every Cause of Action and Claim

4  Contained in my Complaint.

5  ## *(A.) - 12(b)(6) Standard.*

6  The Standard of Review for a Complaint of a Indigent Pro Se without Licensed Counsel

7  is a Less Stringent Pleading Standard. "...pro se complaint, which we hold to less stringent standards than formal

8
   pleadings drafted by lawyers, see: Conley v. Gibson, 355 U.S. 41, 45 -46 (1957). See Dioguardi v. Durning, 139 F.2d 774
9

10 (CA2 1944). In Haines v. Kerner, 404 US 519, 521. I Must OBJECT here, because even though the

11 Counsel for the Alameda County has Correctly Quoted **12(b)(6) of Federal Rules of Civil**

12 **Procedure**, it is being Misapplied.

13   The standard is a liberal one that does not require the Plaintiff to set forth all the factual details of his claim, rather,
     all the standard requires is that plaintiff give the defendant fair notice of the claim and the grounds for making that
14   claim. Leatherman v. Tarrant County Narcotics Intell & Coord. Unity, 507 US 163, 168 (1993)
15   Citing: Conley v. Gibson, 355 US 41, 47 (1957).

16 This quote above is for Complaints filed by Pro Se Litigants like myself and Application

17 of **12(b)(6) Federal Rules of Civil Procedure**. "...pro se complaint, which we hold to less stringent standards

18 than formal pleadings drafted by lawyers, see: Conley v. Gibson, 355 U.S. 41, 45 -46 (1957). See Dioguardi v. Durning, 139

19
   F.2d 774 (CA2 1944). In Haines v. Kerner, 404 US 519, 521. A liberal reading of the Complaint will show
20
   the Court that I have given the Defendants: all the standard requires is that plaintiff give the defendant fair
21
   notice of the claim and the grounds for making that claim. Leatherman v. Tarrant County Narcotics Intell & Coord.
22
23 Unity, 507 US 163, 168 (1993). Fair Notice of the Claim and grounds for making that Claim

24 is the Standard that I am Held to. Let us Dissect each and every Cause of Action and Claim

25 Contained in my Complaint. I need to only give a brief Statement or Fair Notice of the

26 Claims and the grounds for those Claims. See: Leatherman v. Tarrant County Narcotics Intell &

27 Coord. Unity, 507 US 163, 168 (1993) Citing: Conley v. Gibson, 355 US 41, 47 (1957). I believe that

28

1 I more than met that Pleading Requirements. I have given a Brief Statement and or Fair

2 Notice of all Claims and or Causes of Action and grounds for those Claims and or Causes

3 of Action under Section 1983.

## *STANDARDS OF REVIEW:*

5 * The Standards of Review for Dismissal by a Defendants is very Strict and High, and

6 it is Rarely Granted. See: See 2A Moore's Federal Practice 12.08 (2d ed. 1948 & Supp.1984), in Scheuer v.

7 Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 2686, 40 L. Ed. 232, 236, 94 S.Ct. 1683, 1686, 40 L. Ed. 2d 90 (1979); Conley

8 v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct 99, 101-102, 2 L. Ed. 80 (1957).  ; Hagans v. Lavine, 415 U.S. 528, 536 -537
9 (1974)

10 (complaint that fails to state a claim may not be dismissed for want of subject-matter jurisdiction unless it is frivolous). All

11 allegations and Claims, Causes of Action must be taken as True. See: IN Re Silicon Graphics Inc

12 Sec. Lit., 183 F.3d 970, 980 n10 (9th Cir. 1999); Hughes v. Rowe, 449 U.S. 5, 10 (1980); Scheuer v. Rhodes, 416

13 U.S. 232, 236 (1979); see also 5 Wright C Miller, Federal Practice and Procedure 6 1357 (1969). "The Plaintiff is entitled

14 to all favorable inferences which may be drawn from [the] allegations. Scheuer v. Rhodes, 416 U.S. 232, 236."

15 * Pleadings Standards for Pro Se Complaints less Stringent, See: Conley v. Gibson, 355 U.S. 41,

16 45 -46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944). In Haines v. Kerner, 404 US 519, 521. Pro Se
17
18 Complaints must be Liberally Construed, see: *On a motion to dismiss, a pro se complaint must be liberally*

19 *construed.* See Platsky v. Central Intelligence Agency, 953 F.2d 26, 28 (2d Cir. 1991); see also Hughes v. Rowe, 449 U.S.

20 5, 9-10 (1980).

21 * Any one Claim that presents Claim upon Which Relief can be granted, will alone deny

22 Defendants Motion for Dismissal. See: *So construed, the complaint sufficiently alleges a claim and defendant's*

23 *motion on this ground is denied.* See Platsky v. Central Intelligence Agency, 953 F.2d 26, 28 (2d Cir. 1991); see also

24 Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).

25 * Pro Se Complaints should Not be Dismissed for Failure to State a Claim. See: *Under*

26 *prevailing law a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the*
27 *plaintiff can prove no set of facts in support of his claim which would entitle him to relief"* (Hughes v. Rowe, 449 U.S. 5,

1    10 (1980 );  Scheuer v. Rhodes, 416 U.S. 232, 236 (1979);  Conley v. Gibson, 355 U.S. 41, 45 (1957).

2    *    **IF and I Mean IF** at the **Very Outside Chance** that my Complaint might be Dismissed

3    then Leave to Amend MUST BE GRANTED. See: " **Schreiber Distrib. Co v. Serve - Well Furniture**

4    **Co.,** **806 F.2d 1393, 1401 (9th Cir. 1986).** **This Remedy is** <u>Very Highly UNLIKELY necessary.</u>

5    *    I am Not Required to Prove all my Allegations and Claims, Causes of Action at the

6    Complaint  Pleadings  Level. See: dismissals prior to giving the plaintiff ample opportunity for discovery should be

7    granted very sparingly. HOSPITAL BLDG. CO. v. REX HOSPITAL TRUSTEES, 425 U.S. 738 (1976).  The Issue is not whether

8    the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v.</u>

9
10   <u>Rhodes,</u> 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).

11   *    Cognizable Legal Theory. This is Not a Statement that I have seen in any Decision of

12   Case  Law  Precedents  whatsoever. The  Standard  I  must  meet  here  is:  all the standard requires is that

13   plaintiff give the defendant fair notice of the claim and the grounds for making that claim.  Leatherman  v.  Tarrant  County

14   Narcotics  Intell & Coord. Unity,  507  US  163,  168  (1993);  See also:  Hughes v. Rowe, 449 U.S. 5, 10 (1980 );

15   Scheuer v. Rhodes, 416 U.S. 232, 236 (1979); Conley v. Gibson, 355 U.S. 41, 45 (1957).  LEATHERMAN  v. TARRANT

16   COUNTY NICU, 507 U.S. 163 (1993);  Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).

17        Thus Rendering Counsels Claims here without legal Merit, **the Court must Deny Motion**

18   **for Dismissal with Prejudice as a Matter of Law, Rule , Case Law Precedents and Right.**

19   ## (B.) - *Plaintiff Has Failed to Allege Sufficient Facts to State a Section 1983 Claim against County Defendants.* I Must OBJECT.

20

21        First of All are my Claims and Causes of Action Under the Color and Guise of State

22   Law.  The California Vehicle Code and Alameda County and the City of Dublin Police Services

23   are involved. Thus, misuse of Power and or In Excess of power and Authority Possessed by

24   State Law. This qualifies as Action Under the Color of State Law, Section 1983.

25

26   ### (I) - *Plaintiff has Failed to Allege Facts to Support a Violation of His Constitutional Rghts by County Defendant's Policies, Customs or Practices.* I Must OBJECT.

27

28        I really Need Not Allege and Policies or Practices that Violated my Constitutional Rights.

I need Only to Allege Acts which Violated my Constitutional and Civil Rights. I will explain my Causes of Action and how the Named County Defendants Acts Violated my Constitutional Rights:

## * (# 1.) - (WRONGFUL TOW OF MY VEHICLE FROM OUTSIDE OF COUNTY AND CITY JURISDICTION).

To this Point Claim and Cause of Action, we know that according to Lawful Jurisdiction and Police Power Authority it is Territorial and Jurisdictional. For Police Action taken, it must be done within Territorial Jurisdictional Limits Police Power Authority. A tow and or other Act outside of Territorial Jurisdiction Limits and or Boundaries, Constitutes an Action outside of Authority and Jurisdiction. Then that act, Tow whatever becomes a Non-Police Action outside of Authority and Jurisdiction. (Misuse of or Acting in Excess of Power Possessed by State Law. See: **Henig v. Odorioso, C.A. 3 (Pa.) 1967, 385 F.2d 491, certiorari denied 88 S. Ct. 1269, 390 U.S. 1016, 20 L. Ed.2d 166, rehearing denied 88 S. Ct. 1814, 391 U.S. 929, 20 L. Ed.2d 671.** Thus, this is a Legitimate Claim and Cause of Action upon which Relief can be Granted. **When a Police officer acts outside of Authority and Jurisdiction of City or County Police Powers, is not entitled to Claim Qualified or Good Faith Immunity, see: Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).** Wrongful Tow outside of Territorial Jurisdictional Boundaries of Police Power Authority constitutes Misuse of Power Possessed by State Law or Under the Color and Guise of State Law. Misuse of, Acting in Excess of and or in Lack of Authority, Jurisdiction of Police Powers Under the Color and Guise of State Law Qualifies as a Cause of Action Under Section 1983.

Misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state law, is action taken "under color of any statute", within this section. Henig v. Odorioso, C.A. 3 (Pa.) 1967, 385 F.2d 491, certiorari denied 88 S. Ct. 1269, 390 U.S. 1016, 20 L. Ed.2d 166, rehearing denied 88 S. Ct. 1814, 391 U.S. 929, 20 L. Ed.2d 671. See, also, Basista v. Weir, C.A. 3 (Pa.) 1965, 340 F.2d 74; Baldwin v. Morgan, C.A. Ala.1958, 251 F.2d 780; Geach v. Moynahan, C.A. Ill.1953, 207 F.2d 714; Picking v. Pennsylvania R. Co., C.C.A. Pa.1945, 151 F.2d 240, rehearing denied 152 F.2d 753; Nugent v. Sheppard, D.C. Ind.1970, 318 F. Supp. 31.

Thus, a Cause of Action and Claim under Section 1983 is Established, and a Claim upon which Relief can be granted.

1  The Named [1]Police Officer's did Order the Unlawful Tow outside of City of Dublin and
2  Alameda County Territorial and Jurisdictional Boundaries of Authority - Lack of Probable Cause
3
4  and Without Seizure Warrant in Violation of the Fourth and Fourteenth Amendments. Violation
5  of the Fourth and Fourteenth Amendments under the Color and Guise of State Law, County
6  and City Ordinance Establishes Cause of Action and or Claim under Section 1983. See: **United**
7  **States v. Valdes, 876 F.2d 1554 (1989); UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id,**
8  **at 50 (1993).** A Simple Holding, (Seizing) My Vehicle (Private Property) without Fourth Amendment
9  Seizure Warrant and or Full Adversarial Hearing in Front of Real Judge; would Establish a
10  Claim and or Cause of Action under Section 1983; upon which Relief can be Granted, Alone.
11
12

## * (# 2.) - (FALSE ARREST OUTSIDE OF ALAMEDA COUNTY AND CITY OF DUBLIN JURISDICTION).

To this Point Claim and Cause of Action, we know that according to Lawful Jurisdiction
13
14  and Police Power Authority it is Territorial and Jurisdictional. For Police Action taken, it must
15  be done within Territorial Jurisdictional Limits Police Power Authority. A tow and or other Act
16  outside of Territorial Jurisdiction Limits and or Boundaries, Constitutes an Action outside of
17  Authority and Jurisdiction. Then that act, Tow whatever becomes a Non-Police Action outside
18  of Authority and Jurisdiction. (Misuse of or Acting in Excess of Power Possessed by State Law.
19  See: **Henig v. Odorioso, C.A. 3 (Pa.) 1967, 385 F.2d 491, certiorari denied 88 S. Ct. 1269, 390 U.S. 1016, 20 L. Ed.2d**
20  **166, rehearing denied 88 S. Ct. 1814, 391 U.S. 929, 20 L. Ed.2d 671.** Thus, this is a Legitimate Claim and
21  Cause of Action upon which Relief can be Granted. **When a Police officer acts outside of Authority and**
22  **Jurisdiction of City or County Police Powers, is not entitled to Claim Qualified or Good Faith Immunity, see: Harlow v.**
23  **Fitzgerald, 457 U.S. 800, 818 (1982).** Wrongful Arrest outside of Territorial Jurisdictional Boundaries of
24  Police Power Authority constitutes Misuse of Power Possessed by State Law or Under the Color
25  and Guise of State Law. Misuse of, Acting in Excess of and or in Lack of Authority,
26
27

---

28  [1] **Dublin Police Officer are Alameda County Sheriffs Contracted to Dublin Police Services.**

---

Jurisdiction of Police Powers Under the Color and Guise of State Law Qualifies as a Cause of Action Under Section 1983. False Arrest without Probable Cause or Outside of Jurisdictional Territorial Boundaries of Authority Firmly Establishes a Claim, Cause of Action under Section 1983, upon which Relief can be Granted. Any Fourth or Fourteenth Amendment Violation under Color and Guise of State Law, County or City Ordinance give rise to a Section 1983 Claim and or Cause of Action. See: **Washington v. Summerville, 127 F.3d 552, 559 (7th Cir. 1997), cert. denied, 118 S. Ct. 1515 (1998); Reed, 77 F.3d at 1053-54. Hutton v. Strickland C.A.11 (Fla.) 1990, 919 F.2d 1531.**

**Katz v. U.S., Ca. 1967, 389 US 347, 88 S. Ct. 507, 19 L. Ed. 2d 576. See Also: State v. Nabarro, 1974, 525 P.2d 573, 55 Haw. 583; U.S. v. Nevarez-Alcantar, C.A.N.M. 1974, 495 F.2d 678, Cert. Den., 419 US 878, 95 S. Ct. 141; Shaffer v. Wilson, C.A. Col. 1975, 523 F.2d 175, Cert. Den., 427 US 912, 96 S. Ct. 3198.**

Notice must be taken here that False, Wrongful Arrest alone can Establish a Claim and or Cause of Action under Section 1983 upon which Relief can be Granted.

## * (# 6.) - (FALSE IMPRISONMENT BY ALAMEDA COUNTY SANTA RITA JAIL).

False Arrest by County of Alameda and City of Dublin in Santa Rita Jail, like false Arrest is Actionable Under Section 1983. False Imprisonment is however a Separate Claim and or Cause of Action under Section 1983 from False Arrest. I was Falsely Held Imprisoned without Lawful Probable Cause in Violation of the Fourth Amendment at Santa Rita Jail. See: **COUNTY OF RIVERSIDE v. McLAUGHLIN, 500 U.S. 44 (1991).** False and or Wrongful Imprisonment under the Color and Guise of State Law, County or City Ordinance give rise to a Section 1983 Claim and or Cause of Action; upon which Relief can be Granted. False Imprisonment sounds like the same Claim and or Cause of Action of False Arrest, but it isn't. This is a whole Separate Different Claim. This Claim and or Cause of Action goes beyond Arrest it is the Actual Wrongful and False Imprisonment that lies from the fruits of False Arrest. False Imprisonment Under the Color and Guise of State Law, County or City Ordinance Constitutes a Section 1983 Claim upon which Relief can be Granted.

## * (# 4.) - (ACTION UNDER THE COLOR OF STATE LAW).

This Cause of Action just verifies that Actions, Claims and Causes of Action where under the Color of State Law; County and City Ordinance.

## *   (# 5.) - (DENIAL OF THE RIGHT TO TRAVEL).

This Cause of Action and or Claim will have to Argued and Litigated.

Thus, County Counsel's Argument and Claim that I Failed to Allege Facts to State a Section 1983 Claim against County Defendants is Incorrect and Completely Meritless and Lacking in Legal Merit thus Frivolous. Thus, **the Court must Deny Motion for Dismissal with Prejudice as a Matter of Law, Rule, Case Law Precedents and Right.**

### (ii) - *Plaintiff has Failed to Indentify a Constitutional Right that was Violated.*
### I Must OBJECT

I have Identified the Fourth Fourteenth Amendment Right to Be Free from Unreasonable Seizures of my Person (False Arrest and False Imprisonment and Wrongful Towing and Holding (Seizure) of My Vehicle. I have Identified the Deprivation of my Right to Use the Public Roads and Highways for Private Travel without Notice and Opportunity to Defend and Other Heightened Due Process Protection of my Right to Liberty. See: *(i)* for explanation.

### (1.) - *Towing, Impounding, Arrest and Hold did not Violate Plaintiff's Constitutional Rights (Claim 1, 2, 3,4, 6)* I Must Object.

The State of California has No Authority except in Extreme Emergency or Or in Time Civil Unrest or Extreme Circumstances to either Extend, Enlarge or otherwise Grant Additional Territorial or Jurisdictional Authority beyond Territorial Jurisdictional Limits of that Police Officer, Deputy Sheriff. They are Not employed as State of California Police, California Highway Patrol Officers. They are Employed under Alameda County Sheriffs Department and City of Dublin Police Services. They are Under the Police Power Jurisdiction and Authority of Alameda County and the City of Dublin. They are Not Employed by Paid by or under Oath as California State Police Officers or California Highway Patrol. California Penal Code Section 830.1 is Not Valid. What the County Counsel is Claiming here is that the County Sheriffs Deputies \ Dublin Police

1
2

Officer's are protected by Eleventh Amendment Immunity and Possess California State Police Authority.

3
4
5

Some of the Arguments by the County Counsel pertaining to Vehicle Impoundment, Hold are Not on Trial here in this Cause of Action. We Must stay on Point here.

6

### (2.) - No Inalienable Right to Drive Without a License. I must OBJECT.

7
8

This Issue and Point is Not on Trial here. In the very Near Future this Issue and Point will be on Trial. Never the Less, I will Answer Limited to County Counsel's Arguments.

9

### (DENIAL OF THE RIGHT TO TRAVEL):

10
11
12
13
14
15
16
17
18

This Claim is a Limited Attack on the State of California's Incorrect Claim that Driving Upon and Use of the Public Roads and Highways for Private Trave is a State Granted Conditional Privilege. Let me state a Argument here that is Not Merit-less and Frivolous and Lacking Legal Merit. To that Claim by the State of California, I Make the Constitutional Claim that: The Right to Use of, to Drive upon the Public Roads and Highways is a Regulated Right protected and Guaranteed by the Right to Personal Liberty. Sovereignty Remains with the People even though the People have Delegated the California Legislature Limited Sovereign Powers to Legislate and Regulate the Sovereign's Rights to Personal Liberty.

19
20

"While sovereign powers are delegated to the agencies of government, SOVEREIGNTY ITSELF remains with THE PEOPLE, by whom and for whom, all government exists and acts." Lee v. Hopkins, 188 U.S. 356.

21
22
23
24
25
26
27
28

The Regulation of that Right is Not a Conditional Privileged which may Denied by the California State Legislature at their will. The Right to Sovereignty and the Inalienable Constitutional Rights contained in the Federal Constitution has Not been Abolished or Overruled, Overturned or Legislated out of Existence as most Governmental and Police Agencies deem to believe and Act by. The Federal Constitution is still the Supreme Law of the Land; and Federal Rights are still Absolute Rights, subject to Legislative Regulation of those Rights as to Public Safety, Morals and Protection of Life, Liberty and Property of the Public. Not Conditions of

1  Grants to Privilege, which is Conditional at the Legislative will. Let us all agree to some Points
2  of Law that have already been Decided by Case Law Precedents. I am sure the County
3  Counsel will counter with the Incorrect Legal Argument that those Case Law Precedents are
4  OLD and thus have No Current Legal Standing. The Due Process Standard of the Fourteenth
5  Amendment are Changeable with time. "Due process is not a rigid form but is a flexible concept, which depends
6  for its application on a careful balancing of Public as against private interests." See:

7  Ferguson v. Gathright, C.A.Va.1973, 485 F.2d 504, certiorari denied, 94 S.Ct. 1447, 415 US. 933. 39 LEd.2d 491.
8  See, also, US. cx reL Miller v. Twomey, C.A.fll. 1973, 479 F2d 701, certiorari denied, 94 S.Ct. 900, 414 US. 1146,
9  39 LEd.2d 102;

10  The Procedural Process is Changeable Not the Constitutional Rights. The Regulation of the
11  Right to Personal Liberty in the Public Interest for the Protection, Safety, Morals of the Public
12  and the Rights of other Individuals is an Acceptable and Recognized by Law Power of the
13  State of California Police Powers. The Power to Regulate does Not include the Right to
14  Condition that Right to a Grant of State Granted Privileges, such as Licensing. The
15  Constitutional Right to Personal Liberty is Not Subject to the Condition of Licensing. See: Kent
16  v. Dulles, 357 U.S. 116, 125. The Right to Use thereof, the Public Roads and Highways, for Private
17  Travel is an Inalienable Constitutional Right. "...well settled that the right of a United States citizen to travel from
18  one State to another and to take up residence in the State of his choice is protected by the Federal Constitution. See Shapiro
19  v. Thompson, 394 U.S. 618, 629-631; United States v. Guest, 383 U.S. 745, 757-759. See also: JONES v. HELMS, 452 U.S.
20  
21  412 (1981). Thus, the Right to Travel is Demonstrated as True and a Legal Inalienable
22  Constitutional and Civil Right. The Citizen has the "unconditional right to travel," Shapiro v. Thompson, 89 S. Ct.
23  1322 at 1335 and 1336, as marked, a right of liberty which is absolute, Shapiro v. Thompson, ibid at 1350, and is a
24  fundamental right. ibid at 1351.

25  The Right to Travel by particular conveyance or other form of Travel is Not Conditional
26  by California State Legislature; as long as it is the Usual Established means of Travel. The right
27  to travel interstate by auto vehicle upon the public highways may be a privilege or immunity of citizens of the United States.
28

1  Compare Crandall v. Nevada, 6 Wall. 35. The Mode or Conveyance used for Private Travel which are
2  Lawfully acceptable for use upon the Public Roads and Highways and Use thereof is a
3  Regulated Right. The Mode of Travel or type of Vehicle used for Private Travel upon the
4  Public Roads and Highways doe Not Justify the Lawful Classification of the Statue for Licensing
5  Purposes. See: In re Schmolke, 199 Cal 44. (S. Ct. of Calif.). The streets belong to the public and are primarily for the use
6  of the public in the ordinary way. Their use for the purposes of gain is special and extraordinary and, generally at least, may be
7  prohibited or conditioned as the legislature deems proper.". Packard v. Banton, 264 U.S. 140, 144. Here where the
8  California State Legislature has it wrong as Applied to me, there is a Lawful Distinction
9
10  between Regulation of a Activity engaged in as a matter of Right and one Carried on by
11  Government Sufferance or Permission (License Privilege). The Activity engaged into as a matter
12  of Right may be Regulated as to Traffic Safety Rules. The California State Supreme Court has
13  Addressed the Right to Drive upon the Public Roads and Highways as a Fundamental Regulated
14  Right as to Traffic Safety.

15      "The *RIGHT of the citizen to DRIVE* on the public street with freedom from police interference, unless he is
16      engaged in suspicious conduct associated in some manner with criminality is a *FUNDAMENTAL CONSTITUTIONAL
        RIGHT* which must be protected by the courts." People v. Horton, 14 Cal. App. 3rd 667 (1971). See also:
17      Escobedo v. State of California, 35 C2d 870 in 8 Cal Jur 3d p.27. Cal Sup. Ct..

18  Thus, even the California Supreme Court recognized a Right to Drive as a Fundamental
19  Constitutional Right. The right to travel interstate by auto vehicle upon the public highways may be a privilege or immunity
20  of citizens of the United States. Compare Crandall v. Nevada, 6 Wall. 35. A citizen may have, under the Fourteenth Amendment,
21  the right to travel and transport his property upon them by auto vehicle. Packard v. Banton, 264 U.S. 140, 144 , 44 S. Ct. 257.
22  I also have the Inalienable Constitutional Right to be Free from Regulating Duties, State
23  Granted Privileges Subjected against my Right to Liberty.
24
25      "The citizen is immune, has a right to be free from such taxation and regulating, duties, obligations, sanctions as a
        matter of law." U.S. v. Texas, 384 U.S. 155; Wilson v. U.S., 221 U.S. 361; Pollack v. Flint, 158 U.S. 601, 157 U.S.
26      429; United States Constitution, Article 1, Section 2, clause 3, and Article 1, Section 9, clause 4.

27  I have the Inalienable Right to Exercise Personal Liberty to Use the Public Roads and
28  Highways for Private Travel. That has to include the Right to Drive my Vehicle for Private

Travel and to Transport myself, my Property, future family upon the Public Roads and Highways, in a Safe manner. I realize I must Obey the Reasonable Traffic Safety Rules and Regulations for the Safe manner and Use of the Public Roads and Highways. Driving my Vehicle and use of the Public Roads Streets and Highways is not a Crime. See: . **Packard v. Banton, 264 U.S. 140, 144 , 44 S. Ct. 257; People v. Horton, 14 Cal. App. 3rd 667 (1971).** See also: **Escobedo v. State of California, 35 C2d 870 in 8 Cal Jur 3d p.27. Cal Sup. Ct..** The Owning and Use thereof my Vehicle is Not a Crime. See: **There is nothing even remotely criminal in possessing an automobile.'")** (quoting **One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (1965)).** It is Not a Crime to Exercise my Right to Travel as the Right to Personal Liberty. See: **The Citizen has the "unconditional right to travel," Shapiro v. Thompson, 89 S. Ct. 1322 at 1335 and 1336, as marked, a right of liberty which is absolute, Shapiro v. Thompson, ibid at 1350, and is a fundamental right. ibid at 1351.**

Exercising my Right to be free from Licensing, State Granted Privileges upon my Right to Drive and Use my Vehicle to Transport my Property, myself for Private Travel is Not a Crime. See: **Williams v. Fears, 179 U.S. 270, 274; Edwards v. California, 314 U.S. 160 (1941); Kent v. Dulles, 357 U.S. 116, 126 (1958); Packard v. Banton, 264 U.S. 140, 144 , 44 S. Ct. 257.** The Right to Drive to the Store, Hospital, Post Office and other Public Conveniences and to look for work or to and from work cannot be considered a crime. See: **Berberian v. Lussier, (1958) 139 A2d 869, 872; Slusher v. Safety Coach Transit Co., 229 Ky 731, 17 SW2d 1012, and affirmed by the Supreme Court in Thompson v. Smith, 154 S.E. 579; People v. Horton, 14 Cal. App. 3rd 667 (1971).** See also: **Escobedo v. State of California, 35 C2d 870 in 8 Cal Jur 3d p.27. Cal Sup. Ct..**

"...one's inalienable right to liberty and the pursuit of happiness is curtailed if he may be unreasonably kept off the highways maintained by him as a citizen and taxpayer;.... in **State v. Moeng, 254 Minn. 263, 95 N.W.2d 6, 13 (1959).**

"Operation of a motor vehicle upon public streets and highways is not a mere privilege but is a right or liberty protected by the guarantees of Federal and State constitutions." **Adams v. City of Pocatello, 416 P2d 46.**

"The word 'operator' shall not include any person who solely transports his own property and who transports no persons or property for hire or compensation." **Statutes at Large California Chapter 412 p.833.**

1      "The streets belong to the public and are primarily for the use of the public in the ordinary way. Their use for the
2      purposes of gain is special and extraordinary and, generally at least, may be prohibited or conditioned as the
       legislature deems proper."....  "Moreover, a distinction must be observed between the regulation of an activity which
3      may be engaged in as a matter of right and one carried on by government sufferance or permission. In the latter case
       the power to exclude altogether generally includes the lessor power to condition and may justify a degree of regulation
4      not admissible in the former." Packard v. Banton, 264 U.S. 140, 144.

5      The right to travel interstate by auto vehicle upon the public highways may be a privilege or immunity of citizens of
       the United States. Compare Crandall v. Nevada, 6 Wall. 35.

6
       A citizen may have, under the Fourteenth Amendment, the right to travel and transport his property upon them by auto
7      vehicle. But he has no right to make the highways his place of business by using them as a common carrier for hire.
       Such use is a privilege which may be granted or withheld by the state in its discretion, without violating either the due
8      process clause or the equal protection clause. Packard v. Banton, 264 U.S. 140, 144 , 44 S. Ct. 257.

9      "It is not the type of vehicle, but the peculiar nature of the business conducted upon and over the public highways, that
       justifies the classification of the statue for licensing purpose." In re Schmolke, 199 Cal 44. (S. Ct. of Calif.).
10

11     "The RIGHT of the citizen to DRIVE on the public street with freedom from police interference, unless he is engaged
       in suspicious conduct associated in some manner with criminality is a FUNDAMENTAL CONSTITUTIONAL RIGHT which
12     must be protected by the courts." People v. Horton, 14 Cal. App. 3rd 667 (1971). See also: Escobedo v. State
       of California, 35 C2d 870 in 8 Cal Jur 3d p.27. Cal Sup. Ct..
13

14     As the court said in McConville v. Alexis, supra, 97 Cal. App.3d at page 600 "there can be little question but that
       possession of a *driver's license rises to the level of a fundamental right under Bixby* in terms of both the economic
15     implications relating thereto and 'the importance of' the possession 'to the individual in the life situation.' (Bixby,
       supra, 4 Cal.3d 130 , 144.) This, of course, is most obviously true with respect to those individuals whose occupations
16     depend directly on the ability to drive, such as truck drivers or delivery persons." In our present travel-oriented society,
       the retention of a driver's license is an important right to every person who has obtained such a license. (See
17     Hernandez v. Department of Motor Vehicles, supra, 30 Cal.3d 70 , 74.) While we might agree with defendant's
       observation that there exist alternative means of transportation, the reality of contemporary society is that public
18     transportation systems may not meet the needs of many travelers and other forms of transportation, such as taxicabs,
       are not economically feasible for a large portion of the population. Whether a driver's license is required only for
19     delivering bread, commuting to work, transporting children or the elderly, meeting medical appointments, attending
       social or political functions, or any combination of these or other purposes, the revocation or suspension of that
20     license, even for a six-month period, can and often does constitute a severe personal and economic hardship. (See
       Bell v. Burson, (1971) 402 U.S. 535, 539 [29 L. Ed.2d 90, 94, 91 S.Ct. 1586] [as continued possession of a license
21     may become essential in the pursuit of a livelihood, any adjudication would involve an "important" interest of the
22     licensee].) For plaintiff, as a route driver, her ability to drive a delivery truck affects her very livelihood and the
       suspension of her license obviously will affect her directly, immediately, and adversely. Further, as a single working
23     parent, she is faced with the numerous responsibilities of child rearing, many of which necessitate a speedy and
       reliable means of transportation. The suspension of plaintiff's license, even for only six months, may have profound
24     and obvious effects on her "life situation" and thus, in the Bixby-Strumsky-Interstate Brands sense, constitutes "quasi-
       judicial" administrative decisions that have an impact on the individual "sufficiently vital ... to compel full and
25     independent review" by the court. (Interstate Brands, supra, 26 Cal.3d at p. 779.) Berlinghieri v. Department of
       Motor Vehicles, 33 Cal.3d 39.  See also: (13 Cal. Jur. 371, sec. 59);  (19 Cal. Jur. 54, sec. 407);  (25 Am. Jur.
26     456-457, sec. 163; see, also, 40 C.J.S. 244-247, sec. 233.)" Escobedo v. State of California, (1950), 35 Cal.2d
27     870, 875-876.

28          The California State Supreme Court called having a Driver's License rises to the level

1   of a Fundamental Right. Since the California Department of Motor Vehicles Refused to Respond
2   to Repeated Demands for a Driver's License Suspension Hearing prior to Suspension taking
3
4   affect, then I decided to Drive by Inalienable Right to Liberty subject to same Traffic Safety
5   Rules as other Driver's where subject too.

6       I Served the California Department of Motor Vehicles, **(14) Notices and Demand** for a
7   **Suspension Hearing** of my California Driver's License over the Past 2.5 years. In that Notice
8   and Demand, also Included was Declination of my Driver's License Privilege and a my Demand
9   for the Inalienable Right to Drive by Regulated Right as a "**FREEMAN.**" Let Notice be taken
10  here that the Driver's License was Suspended because of my Inability to pay the Car
11  Registration Privilege Tax upon my Right to Own a Vehicle. I also address this Issue with
12  California D.M.V. Let Judicial Notice be taken here, that the D.M.V. Never Responded to my
13
14  Served Notices and Demand for a Suspension Hearing; for failure to Register and pay the
15  Privilege Tax on the Right to Own my Vehicle and Declination of the Driver's License
16  Privilege, and Demand of the Inalienable Right to Drive and Use my Vehicle upon the Public
17  Roads and Highways, for Private Travel by Constitutional Right.

18      In making this Claim I am Not Challenging Pre-existing Statutory Constitutionality and
19  its Applicability to everyone. I am making the Challenge of how it is being Applied to me.
20  The State of California has Failed to Hold a Full Adversarial Due Process Hearing to
21  Determine if I am a Citizen acting by Right and from Licensing or if I am a Corporate
22  Person Acting under State Granted Privileges which are Conditional. There is Clear Constitutional
23  Distinction between engagement of Right and Privilege. See: Packard v. Banton, 264 U.S. 140, 144.

24
25  "The streets belong to the public and are primarily for the use of the public in the ordinary way. Their use for the
    purposes of gain is special and extraordinary and, generally at least, may be prohibited or conditioned as the
26  legislature deems proper.". . . . *"Moreover, a distinction must be observed between the regulation of an activity
    which may be engaged in as a matter of right and one carried on by government sufferance or permission. In the
27  latter case the power to exclude altogether generally includes the lessor power to condition and may justify a
    degree of regulation not admissible in the former."* Packard v. Barton, 264 U.S. 140, 144. Also in Kesler v. Dept.
28  of Public Safety, 369 U.S. 153 (1962).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Thus, as the above Decision Clearly States, there is a Clear Distinction between Activity engaged into as a matter of Right and one carried on by State Granted Privilege. The California D.M.V. nor the California Legislature have the Constitutional Authority to make that Distinction absent Judicial Review. "Constitutional rights would be of little value if they could be ... indirectly denied." Smith v. Allwright , 321 U.S. 649, 664 (1943) "... or 'manipulated out of existence'" Gomillion v. Lightfoot , 364 U.S. 339, 345 (1960). The California Legislature and the Majority of Citizen's does Not have the Constitutional Authority infringe upon my Right to Personal Liberty.

"A citizen's constitutional rights can hardly be infringed simply because a majority of the people choose that it be. [Fn. omitted.]" (Lucas v. Colorado General Assembly, supra, 377 U.S. 713, 736-737 [12 [2 Cal.3d 797] L. Ed.2d 632, 647]; Jordan v. Silver, (1965) 381 U.S. 415 [14 L. Ed.2d 689, 85 S.Ct. 1572] (concurring opinion).) Westbrook v. Mihaly, 2 C3d 765.

The Privilege Right Doctrine Distinction as it Concerns me is Not given to Legislative and Police Power Control, except as to Regulation of that Right concerning Traffic Safety Rules.

I do have the Constitutional Right to be Free from State Granted Police Power Privileges

## *(DEMAND FOR SUSPENSION HEARING NOT RESPONDED TO AND THUS, DENIED)*

Let further Notice be taken here, that I did Serve Declination of Drivers License Privilege Right to California D.M.V. (Motor Vehicle and Licensing Agency). I thus, Revoked any and All State Granted Privileges (Driving Privilege Right) that I had Erroneously entered into. Thus, Revoking Jurisdiction by the State of California Department of Motor Vehicles over me.

When the California Department of Motor Vehicles (Motor Vehicle and Licensing Agency) Suspended my Driver's License Right and after I timely Demanded for a Full Adversarial Administrative Hearing Right. Thus, I was Denied an Important Right and Vested Interest and Denied Administrative Review and Adjudication of that Administrative Decision without Due Process of the Fourteenth Amendment.

(See Bell v. Burson, (1971) 402 U.S. 535, 539 [29 L. Ed.2d 90, 94, 91 S. Ct. 1586] [as continued possession of a license may become essential in the pursuit of a livelihood, any adjudication would involve an "important" interest of the licensee].) For plaintiff, as a route driver, her ability to drive a delivery truck affects her very livelihood and the suspension of her license obviously will affect her directly, immediately, and adversely. (Interstate Brands, supra,

**26 Cal.3d at p. 779.); Berllnghlerl v. Department of Motor Vehicles, 33 Cal.3d 392.**

PLAINTIFF held a Driver's License Privilege till December 2006. It was suspended because I failed to and was Unable to Pay Registration fee. I made (14) Repeated Notice and Demand for Suspension Hearing with [2](Motor Vehicle and Licensing Agency). When they D.M.V. failed to to Respond to and Denied Due Process under the Fourteenth Amendment, they denied themselves Lawful Jurisdiction. See: **[Campbell v. U.S., Ct. Cl.1882, 2 S. Ct. 759, 107 U.S. 407, 27 L. Ed. 592. See, also, Laurey v. U.S., 1897, 32 Ct. Cl. 259.].**

Let Notice be taken here, that this Claim is Not the Paramount Cause of Action of my Complaint here.

COUNTY DEFENDANT clearly Acted in Violation of my Civil Rights. Although this is Not on Trial here as the Main Focus.

## *{C.) - (Plaintiffs Complaint Fails to State a Cause of Action Against County Defendants).* **I Must OBJECT.**

I have Clearly Established violations of the Fourth and Fourteenth Amendment Rights.

See: **(III, B, I,)** For Details of this Objection. I have made (5) Causes of Action under The Color of State law. **Thus I move to Deny with Prejudice this Claim by County Counsel.** Towing and Seizing (Holding) My Vehicle without Fourth Amendment Seizure Warrant and Probable Cause. Seizing and Arresting my Person without Probable Cause and the Supposed Arrest Warrant Misdemeanor Warrant for Failure to Appear, is Not a Probable Cause Warrant. The Misdemeanor Warrant did give rise Probable Cause for Arrest and Traffic Stop. False Arrest, Seizing my Vehicle without Seizure Warrant and Probable Cause are all Causes of Action under the Color of State Law, Section 1983. **This Argument and Claim for Dismissal is Without Legal Merit and thus Frivolous and Must be Denied with Prejudice.**

## *(E.) - IN THE EVENT COMPLAINT IS NOT DISMISSED, THIS COURT SHOULD ORDER PLAINTIFF TO FILE A MORE DEFINITE*

---

[2]**California Department of Motor Vehicles.**

---

## *STATEMENT.*

### (A) *FRCP 8 Standard.* I Must OBJECT.

The Standard of Review for a Complaint of a Indigent Pro Se without Licensed Counsel is a Less Stringent Pleading Standard. "...pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, see: Conley v. Gibson, 355 U.S. 41, 45 -46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944). In Haines v. Kerner, 404 US 519, 521. I Must OBJECT here, because even though the Counsel for the Alameda County has Correctly Quoted **12(b)(6) of Federal Rules of Civil Procedure**, it is being Misapplied.

The standard is a liberal one that does not require the Plaintiff to set forth all the factual details of his claim, rather, all the standard requires is that plaintiff give the defendant fair notice of the claim and the grounds for making that claim. Leatherman v. Tarrant County Narcotics Intell & Coord. Unity, 507 US 163, 168 (1993) Citing: Conley v. Gibson, 355 US 41, 47 (1957).

This quote above is for Complaints filed by Pro Se Litigants like myself and Application of **12(b)(6) Federal Rules of Civil Procedure**. "...pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, see: Conley v. Gibson, 355 U.S. 41, 45 -46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944). In Haines v. Kerner, 404 US 519, 521. A liberal reading of the Complaint will show the Court that I have given the Defendants: all the standard requires is that plaintiff give the defendant fair notice of the claim and the grounds for making that claim. Leatherman v. Tarrant County Narcotics Intell & Coord. Unity, 507 US 163, 168 (1993). Fair Notice of the Claim and grounds for making that Claim is the Standard that I am Held to. Let us Dissect each and every Cause of Action and Claim Contained in my Complaint. I need to only give a brief Statement or Fair Notice of the Claims and the grounds for those Claims. See: Leatherman v. Tarrant County Narcotics Intell & Coord. Unity, 507 US 163, 168 (1993) Citing: Conley v. Gibson, 355 US 41, 47 (1957). I believe that

Under the Federal Rules of Civil Procedure, respondent had no duty to set out all of the relevant facts in his complaint. See Fed. Rule Civ. Proc. 8; Conley v. Gibson, 355 U.S. 41, 47-48 (1957). In ATCHISON T. & S. F. R. CO. v. BUELL, 480 U.S. 557 (1987)

I more than met that Pleading Requirements. I have given a Brief Statement and or Fair

1  Notice of all Claims and or Causes of Action and grounds for those Claims and or Causes
2  of Action under Section 1983. **County Counsel Argument and Claim here is without Legal**
3  **Merit and Frivolous and must be Denied with Prejudice.**

4      As Drafted my Complaint contains a Concise Statement and Notice of my Claims and
5  or Causes of Action and the Grounds for making those Claims. "...pro se complaint, which we hold to
6  less stringent standards than formal pleadings drafted by lawyers, see: <u>Conley v. Gibson</u>, <u>355 U.S. 41, 45</u> -46 (1957). See
7
8  <u>Dioguardi v. Durning</u>, **139 F.2d 774 (CA2 1944).** In <u>Haines v. Kerner</u>, **404 US 519, 521.** I believe that I met
9  the Required Pleadings Standard.

10      **(B.) - _12(e) Standard._  I Must OBJECT**

11      False Arrest Claim is False Arrest, a real No Brainier here. False Imprisonment is False
12  Imprisonment. Another real No Brainier. Seizing and Wrongful Towing of my Vehicle is Strait
13  forward another No Brainier. Denial of the Right to Travel upon the Public Roads and
14  Highways. This Claim and Cause of Action is for the Future and to Establish my Inalienable
15  Constitutional and Civil Right to be Free from State Granted Privileges and Conditions of Use.
16
17      A Party my move for more Definite Statement of a Pleading... which is so Vague or
18  Ambiguous that a Party cannot Reasonably prepare a Response. **FRCP 12(e)**. The County Counsel
19  here again has Failed to Cite and Claims or Causes of Action they cannot understand as is
20  Required by **FRCP 12(e)**. To say the Entire Complaint is Ambiguous, without examples of
21  Ambiguity is Not a Valid Argument and Claim. "...pro se complaint, which we hold to less stringent standards
22  than formal pleadings drafted by lawyers, see: <u>Conley v. Gibson</u>, <u>355 U.S. 41, 45</u> -46 (1957). See <u>Dioguardi v. Durning</u>, 139
23
24  F.2d 774 (CA2 1944). In <u>Haines v. Kerner</u>, **404 US 519, 521.** all the standard requires is that plaintiff give the defendant
25  fair notice of the claim and the grounds for making that claim. <u>Leatherman   v.   Tarrant   County   Narcotics   Intell   &</u>
26  <u>Coord. Unit</u>, **507 US 163, 168 (1993).** The County Counsel's Argument and Claim here Lacking
27  Legal Merit and it Lacks Examples of Ambiguity, which is Required by **FRCP 12(e)**.
28

### [C.) - <u>Plaintiff's Complaint Is SO Indefinite that Defendants Cannot be Expected to Frame a Proper Response In Good Faith Without Prejudice.</u> I Must OBJECT.

A Complaint need only contain a Brief Statement of Fair Notice of the Claims and Grounds for making those Claims. Again the County Counsels argument and Claim here that the Entire Complaint is Lacking is Lacking Legal Merit and it is Frivolous. "...pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, see: <u>Conley v. Gibson</u>, 355 U.S. 41, 45 -46 (1957). See <u>Dioguardi v. Durning</u>, 139 F.2d 774 (CA2 1944). In Haines v. Kerner, 404 US 519, 521. all the standard requires is that plaintiff give the defendant fair notice of the claim and the grounds fo making that claim. <u>Leatherman v. Tarrant County Narcotics Intell & Coord. Unit</u>, 507 US 163, 168 (1993). Just because my Complaint Possibly is Not worded perfectly to the County Counsel's Professional Standards does Not Justify their Incorrect Claims and Standards to which I am Not held to In Pro Se without Licensed Counsel. County Counsel's Claim that my Entire Complaint is Lacking is a Legally Merit-less Over exaggeration and Lacking Example of Complaint Deficiencies. **FRCP 12(e)** Requires that the County Counsel bring forth Examples of Lacking Arguments as Proof of their Claim. The Over Generalization that the Entire Complaint without Examples of those Claims doe Not make a Valid Claim under FRCP 12(e) Upon which this Court can grant Remedy and Relief for. **I Move the Court to Deny with Prejudice this Argument and Claim.**

## (F.) - <u>PLAINTIFFS COMPLAINT SHOULD BE STRICKEN PER FRCP 12 (F).</u>   I Must OBJECT.

### (A.) - <u>12 (f) Standard.</u>   I Must OBJECT.

Again the County Counsel has made an Overgeneralized Claim and Argument here, with No Examples of that Claim. FRCP Requires that to make a Claim here to Strike from Pleadings that the Claimant must State all Claims that must be Stricken and why. They must State what Pleadings should be Stricken and their Objection to the Pleadings and why. An Over Generalized statement to State the Entire Complaint is Not Valid and is Lacking Legal Merit.

1  They have made a Claim about a Pennsylvania Case here that it is identical to my Complaint
2  in every way I must OBJECT Timely here.

3  Under the Federal Rules of Civil Procedure, respondent had no duty to set out all of the relevant facts in his complaint.
   See Fed. Rule Civ. Proc. 8; Conley v. Gibson, 355 U.S. 41, 47-48 (1957). In ATCHISON T. & S. F. R. CO. v. BUELL,
4  480 U.S. 557 (1987)

5      The Case that County Counsel has Cited here, they have Not Stated what Relevance that
6  Case Cited has my Action and Complaint. Legal Arguments that I have Relied upon in Good
7  Faith from the U.S. Supreme Court and the Various Courts of Appeals and there Relevance
8  must Not be Allowed to be Stricken from the Complaint. My Material Allegations and Facts
9  which are presented pursuant to those Legal Arguments, are Necessary to Show my Arguments
10  are Valid and Legitimate Claims and or Causes of Action. It cannot be stated and or proven
11  by County Counsel that those Legal Arguments are Not Relevant to my Claims. They have
12  presented no such argument whatsoever. The County Counsel has failed to State an Objection
13  to each Claim and or Cause of Action they seek Remedy from FRCP 12(f), as Required.
14
15  **Thus, this Claim Must be Denied with Prejudice.**

16      **(B.) - _This Court Should Strike Plaintiff's Entire Complaint._  I Must OBJECT.**

17      Well I have heard some pretty darn Good Arguments like this before, but this is Not
18  one of them. The County Counsel has Riddled their Arguments and Claims with Fair Tales.
19  The Entire Complaint should be Stricken, No Reference again to any Particular Claim and or
20  Cause of Action just the Over Generalization of the Entire Complaint. This Claim is really far
21  out there beyond Reality. The Court Understood my Claims enough to Grant Forma Pauperis.
22  The U.S. Supreme Court said very well: they stated that a lot of Dismissal for Failure to State
23
24  a Claim upon which Relief can be Granted are Not Correct and they question them. See:

25  When presented with a motion to dismiss, a court must construe the complaint in the light most favorable to the
    plaintiff and its allegations must be taken as true. Moreover, any ambiguities or uncertainties concerning the
26  sufficiency of the claims must be resolved in favor of the plaintiff. See Hughes v. Rowe, 449 U.S. 5, 10 (1980);
    Scheuer v. Rhodes, 416 U.S. 232, 236 (1979); see also 5 Wright C Miller, Federal Practice and Procedure 6 1357
27  (1969).

28

1    Liberal Reading of my Complaint will Reveal:

2    *    **False and Wrongful Arrest.**

3    *    **False Imprisonment.**

4    *    **Towing and Seizing my Vehicle without Probable Cause and Seizure Warrant.**

5    *    **Denial of the Right to Travel.**

6    I would suggest that the County Counsel have someone who can truly Read, Read the

7    the Complaint to them.

8
        *"Under prevailing law a "complaint should not be dismissed for failure to state a claim unless it appears beyond*
9       *doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"*
        (Hughes v. Rowe, 449 U.S. 5, 10 (1980 ); Scheuer v. Rhodes, 416 U.S. 232, 236 (1979); Conley v. Gibson, 355
10      U.S. 41, 45 (1957).

11   This has to be applicable to Motion to Strike the Entire Complaint and Pleadings.

12   The Causes of Action are not so Complicated at all. In fact they are strait forward the County

13   Counsel can be Prejudiced by Claims that are Strait forward. Now the Legal arguments of Case
14
     Law Precedents are there to explain what the Appellate and Supreme Court have decided in
15
16   that issue. Reliance upon a Prior Decision of the Supreme of Case Law Precedent in Goof

17   Faith is Acceptable Practice. See U.S. vs Bishop, 412, U.S. 346 (1973). Quoting a Prior Precedent

18   Decision of the Supreme Court and or Court of Appeals, cannot be considered Prejudicial to

19   the Other Party's Case. In most instances Paraphrasing what that Quote of Case Law Precedent

20   stated was hard to do so I quoted what they actually said. Besides the Case Law Precedents

21   Quoted which renders what the Court has actually Ruled about a Particular Point of Law, How

22   does that Prejudice their Answer? This is only being Tried as an Excuse to bypass allowing
23
     Case Law Precedent Decisions which have already Decided that Issue and Point of Law. They
24
25   the County Counsel would not be making this Argument if it where in their favor the Case

26   Law Precedent Decisions. This Argument and Claim about being Prejudiced is Pure Garbage and

27   it does not hold water whatsoever. **This Argument and or Claim by County Counsel is**

28   **Nothing less than Frivolous and without Legal Merit and must be Denied with Prejudice**

1  by this Court.

2  ## (RIGHT TO PRIVATE TRAVEL UPON THE PUBLIC ROADS AND HIGHWAYS)

3
4     I make this Fallowing Statement of Fact with full Respect for this Court and the
5  Honorable Jeffery S. White Federal Judge in this Matter.    I know that I will be facing Prejudice
6  Feelings from my Claim of the Right to Travel, which includes the Regulated Right to Drive
7  my Vehicle upon Our Public Roads and Highways for Private Travel, within my own State or
8  for Intra State Travel. The Public Roads are Owned, Operated and Maintained by The People
9  of the State of California the Citizens like me. See: Packard v. Barton, 264 U.S. 140, 144. Also In Kesler
10 v. Dept. of Public Safety, 369 U.S. 153 (1962).  This is Not a New Regulated Right, this was Right was
11 Emerging before Magna Carta in England and it was well Recognized by our Founding Fathers.

12
13  *In Anglo-Saxon law that right was emerging at least as early as the Magna Carta. 12 Chafee, Three Human Rights
    in the Constitution of 1787 (1956), 171-181, 187 et seq., shows how deeply engrained in our history this freedom
14  of movement is. See:  See Ex parte Endo, 323 U.S. 283, 301-302. Cf. Hannegan v. Esquire, Inc., 327 U.S. 146,
    156; United States v. Rumely, 345 U.S. 41, 46. We hesitate to find in this broad generalized power an authority to
15  trench so heavily on the rights of the citizen. KENT v. DULLES, 357 U.S. 116 (1958)*

16     This Right to Travel without Restriction of Interference from Police Agencies and State
17 Government existed before our Federal Constitution and it is Not new Law.

18     The Inalienable Right to Travel is of No Benefit and empty words if it can be
19 Conditioned and Curtailed by State Legislatures in the form of Conditional Licensing Privileges.
20 What good is the Guaranteed Right to Travel if by Licensing my Right to Use the Public
21 Roads and Highways for Private Travel can be Suspended at the Will of the State Legislature
22 without Prior Notice and Opportunity for Due Process Hearing? That would make the Right to
23 Travel within my own State and Intrastate of Little Value. Case Law Precedents have already
24 dealt with this Question of Law. "Constitutional rights would be of little value if they could be ... indirectly denied."
25 Smith v. Allwright , 321 U.S. 649, 664 (1943) "... or 'manipulated out of existence'" Gomillion v. Lightfoot , 364 U.S. 339,
26 345 (1960).  "Anything that is a right can not be subject to conditions or licensing." Lane v. Wilson, 307 U.S. 268, 275,; and
27
28 Frost Trucking v. RR Com., Calif., 271 U.S. 583, 594.

1    Case Law Precedents has already settled the Point of Law that a State may Not Impose

2  a Penalty upon Citizens who Exercise a Right Guaranteed by the Federal Constitution. See:

3

4    Frost & Frost Trucking Co. v. Railroad Comm'n of California, 271 U.S. 583. "Constitutional rights would be of little
     value if they could be . . . Indirectly denied," Smith v. Allwright, 321 US. 649, 644, or manipulated out of existence,'
5    Gomillion v. Lightfoot, 364 U.S. 339, 345." Harman v. Forssenius, 380 US 528 at 540, 85 S.Ct. 1177, 1185
     (1965): accord Dunn v. Blumstein, 405 U.S. at 341: See Texas v. U.S., 384 U.S. 155 (1966).

6    Isn't this what is Happening here, am I not being Penalized for Exercising the Regulated

7  Right to Drive upon the Public Roads and Highways for Necessities of Life, shopping for Food,

8
   Looking for Work, going to the Court for Redress of Grievances , going to the Doctors, or
9
   just Exercising the Right to Freedom of Private Travel?
10

11           **(RIGHT TO TRAVEL IS RIGHT OF FEDERAL CITIZENSHIP)**

12           As a Citizen of the United States and as part of My U.S. Citizenship, I possess the

13  Inalienable Right to Private Travel within my own State and Intrastate. This Argument was

14  Contained in the original Complaint under Denial of the Right to Travel. The Right to Travel

15  to Travel is a Federally Protected Right of my U.S. Citizenship as a U.S. Citizen. See: Corfield

16  v. Coryell, 6 Fed.Cas. pp. 546, 552 (No. 3230) (C.C.E.D.Pa.1825), Paul v. Virginia, 8 Wall. (75 U.S.) 168, 180, 19 L. Ed. 357

17  (1869). in the Passenger Cases, 7 How. 283, 492 (1849); Crandall v. Nevada, 6 Wall. 35. As part of the Privilege

18  and Immunities Clause of the Federal Constitution and the Right of Federal Citizenship.

19
             I am a Citizen of California and a Citizen of the United States of America which gives
20
21  me Dual Citizenship Rights. The Interference with my Right to Use the Public Roads and

22  Highways of California for Private Travel in the State or Intrastate Violated my Federal Rights

23  and Privileges and Immunities of U.S. Citizenship under the Color of State Law.

24    Article IV, 2, cl. 1, of the Constitution provides that the "Citizens of each State shall be entitled to all Privileges and
      Immunities of Citizens in the several States." The provision was designed "to place the citizens of each State upon the
25    same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are
      concerned." Paul v. Virginia, 8 Wall. 168, 180 (1869). See also Toomer v. Witsell, 334 U.S. 385, 395 (1948) *(the
26    Privileges and Immunities Clause "was designed to insure to a citizen of State A who ventures into State B the
      same privileges which the citizens of State B enjoy")*. The Clause "thus establishes a norm of comity without
27    specifying the particular subjects as to which citizens of one State coming within the jurisdiction of another are
      guaranteed equality of treatment.". Austin v. New Hampshire, 420 U.S. 656, 660 (1975)
28

1    My Right of U.S. Citizenship which includes the Right to be Free from Unlawful,
2  Unreasonable Interference and Violation of my Right to Freedom of Travel and the Right to
3  Personal Liberty. In Crandall v. Nevada, 6 Wall. 35. The Supreme Court ruled that the Right to Travel
4  upon Public Roads and Highways is a Privilege and Immunity of U.S. Citizenship. The State
5  of California Department of Motor Vehicles and the Named County and City Police Agencies
6  Pursuant to a Conspiracy Interfered with, Violated and Denied me my Federal Right of
7  Citizenship Right to Travel, without Heightened Due Process of Law. Which Includes the Right
8  to Notice and Opportunity to Defend against, Prior to Action taken. \56\See Graham, The
9
10  ``Conspiracy Theory'' of the Fourteenth Amendment, 47 Yale L. J. 371 (1938). Parratt v. Taylor, 451 U.S. 527 (1981).
11  The Fourteenth Amendment's Due Process Clause has a substantive component that "provides heightened protection against
12  government interference with certain fundamental rights and liberty interests." Washington v. Glucksberg, 521 U. S. 702,
13  720. Thus Protecting my Federal Right of Citizenship Right to Personal Liberty which embraces
14  the Right to Private Travel.

## (PREJUDICE BECAUSE OF CHANGE FROM FREE SOCIETY TO THAT OF GOVERNMENTAL CONTROL)

17    I know that I face Prejudicial Predetermined Decisions and Opinions from Judiciary in
18  this Matter. This is all because of the Secret, Hidden and Covert Idealism to Strip away at
19  the Constitution and Rights of the Citizens and their Freedom. I am Not talking about a Open
20  Conspiracy Theory here that our Government is out to Take Control of our Lives and Freedom.
21  This goes much further than that. I must say this because I have been Commissioned by Our
22  Lord Jesus Christ to be the Cure for this Problem. I come with the Authority and Power of
23  the Living God the Trinity through Jesus Christ our Lord. I was Called for this very War to
24  Fight the Good Fight of Faith in Christ Jesus. The Time of the End has begun of Tribulations
25  and the End Times predestined in Revelations. I am almost Certain that Judges will feel the
26  Interests of Government Controlling Interest Compelling their Decision. I Respectfully Remind the
27  Court that the Right of the Individual has an Equal Compelling Interest also. The Right of
28

the me the Individual does Not have to Yield my Right to Personal Freedoms and Liberty just because the Majority say so I want it to be. "A citizen's constitutional rights can hardly be infringed simply because a majority of the people choose that it be. [Fn. omitted.]" (Lucas v. Colorado General Assembly, supra, 377 U.S. 713, 736-737 [12 [2 Cal.3d 797] L. Ed.2d 632, 647]; Jordan v. Silver, (1965) 381 U.S. 415 [14 L. Ed.2d 689, 85 S.Ct. 1572] (concurring opinion).) Westboro v. Mihaly,  2 C3d 765.

I Respectfully, ask the Court to keep and Open mind, and to Protect my Right to Personal Liberty against Government Interference and Deprivations and Stealthy Encroachments therein.

## (IN CONCLUSION) I MUST OBJECT.

Let the Case Go On and the Court must Order the County Counsel to File a Lawful Answer to my Complaint without Delay. The Court must Deny Motion for Dismissal with Prejudice.

A motion to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor and rarely granted See 2A Moore's Federal Practice 12.08 (2d ed. 1948 & Supp.1984). For the purpose of such a motion the factual allegations of the complaint must be taken as true, and any ambiguities or doubts concerning the sufficiency of the complaint must be resolved in favor of the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 2686, 40 L. Ed. 232, 236, 94 S.Ct. 1683, 1686, 40 L. Ed. 2d 90 (1979); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct 99, 101-102, 2 L. Ed. 80 (1957); Sinclair v. Kleindiest, 711 F.2d 291, 293 (D.C. Cir. 1983); Riegle v. Federal Open Market Committee, 656 F. 2d 873, 877 (D.C. Cir.), cert. Denied, 454 U.S. 1082, 102 S.Ct. 636, 70 L. Ed.2d 616(1981);  Shear v. National Rifle Ass'n of America, 606 F.2d 1251, 1253 (D.C. Cir. 1979). In particular, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to re-lief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-102; see Hughs v. Rowe, 449 U.S. 5, 10, 101 S.Ct. 173, 176m 66 L. Ed. 2d 163 (1980).

I will let the Decision above make its own Lawful Conclusion with this Court. I will rely on Good Faith upon those Prior Decisions of the U.S. Supreme Court for my Conclusion of Law and Material Facts of Each Cause of Action and Claim in my Complaint for Section 1983. **The Reason the County Counsel does Not want and is Against Quoting Decision of Case Law Precedents and Stare Decisis is they don't want the Court to See those Decision of Decided  Points and Issues of Law and Facts. It is Not in Prejudice to  the County**

1 | Counsel to Rely in Good Faith upon a Decision of the Higher Courts and to Quote those

2 | Decisions.

3 |     Defendant County Counsel has made an Admission that I was Pulled over Outside

4 | of the Lawful Territorial Jurisdictional limits of Alameda County and the City of Dublin.

5 |

6 |     I RETAIN THE RIGHT TO ALTER AND AMEND MY COMPLAINT AS REQUIRED

7 | OR NECESSARY.

8 |

9 |

10 | **NOTICE OF SERVICE BY MAIL:**
I WILLIAM J. WHITSITT, _Willm J Whitsitt_, THIS THE _1st_ DAY OF AUGUST, 2008, AT _5_ PM, DID

11 | SERVE BY MAIL POSTAGE PREPAID, VIA FIRST CLASS MAIL:  ORDER RELEASING VEHICLE FREE OF CHARGES OF TOWING AND

12 | STORAGE AND OTHER FEES OR ALTERNATIVE REMEDY ORDER RELEASING VEHICLE UNTIL MATTER OF VEHICLE IS SETTLED,
TO THE FALLOWING NAMED DEFENDANTS:

13 | *    COUNTY COUNSEL FOR ALAMEDA COUNTY AT: ATTN:  Richard E. Winnie - County Counsel  Diane C. Graydon - Deputy

14 |     County Counsel 1221 Oak Street, Suite 450,  Oakland, CA  94612 - 4226

15 | *    CENTRAL TOWING AND TRANSPORT COUNSEL:   TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP  Bruce D. M. Prescott,

16 |     Daphne C. Lin, 2201 Walnut Ave., Suite 200, Fremont, CA  94538

17 |

18 |

19 | I WILLIAM J. WHITSITT, _Willm J Whitsitt_, THIS THE _30th_ DAY OF JULY, 2008, DO HEREBY DECLARE AND

20 | AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT UNDER THE PENALTY OF LAW, INCLUDING NOTICE OF SERVICE
BY MAIL.

21 |

22 |

23 |

24 |         RESPECTFULLY  SUBMITTED

25 |         _Willm J Whitsitt_

26 |         WILLIAM J. WHITSITT
        DATED:  July 30, 2008

27 |

28 |