1  WILLIAM J. WHITSITT
2  335 W. CLOVER ROAD
   TRACY, CA 95376
3  (209) 221-1405
   WHITSITTW@GMAIL.COM
4
   IN PROPRIA PERSONA
5

6

7

8  UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO
9
                                                    )   CASE NO:  C08-02139 JSW
10  WILLIAM J. WHITSITT                             )
        (PLAINTIFF)                                 )
11                                                  )
                                                    )
12  ---------------VS---------------                )   **AFFIMATIVE**
                                                    )
13                                                  )   **CAUSE OF ACTION**
                                                    )
14  WheatFall Badge # 429 Alameda County Sheriff    )   **UNDER SECTION 1983**
                                                    )
15  A Garth # 1340 Alameda County Sheriff           )
                                                    )
16                                                  )
    Unnamed Police Officer Alameda County Sheriff   )
17                                                  )
                                                    )   **PRE-NOTICE OF SUMMARY JUDGMENT.**
18  TOW OPERATOR - CENTRAL TOWING & TRANSPORTING.   )
                                                    )
19                                                  )
    COUNTY OF ALAMEDA                               )
20                                                  )   Date:       September 3, 2008
    City of Dublin Police Services                  )   Time:       10:00 AM
21                                                  )   Courtroom:  G- San Francisco
22  10 UNNAMED DEFENDANTS                           )   Judge:      Jeffery S. White
        (DEFENDANTS)                                )
23                                                  )

24

25       I WILLIAM J. WHITSITT, PLAINTIFF IN THIS SECTION 1983 ACTION, DO HEREBY

26  CLAIM AND DEMAND AFFIRMATIVE CAUSE OF ACTION UNDER SECTION 1983. I DO

27  HEREBY MAKE CLAIM AND DEMAND FOR AFFIRMATIVE CAUSE OF ACTION UNDER
28

SECTION 1983. I ALSO GIVE PRE-NOTICE OF SEEKING SUMMARY JUDGMENT FOR ALL CLAIMS IN COMPLAINT AND ALL DAMAGES AND OTHER REMEDIES SOUGHT. I THUS MAKE THIS CLAIM AND DEMAND AS A MATTER OF CONSTITUTIONAL AND CIVIL RIGHT AND OF LAW.

### (STATEMENT OF FACTS) - (BRIEF HISTORY OF FACTS AND CLAIM)

The Traffic did Not take Place on Alcosta Blvd. or in Region straddling Alameda County and Contra Costa County lines. Alcosta Blvd. is no where within Alameda County Territorial Limits. Thus Dublin Police \ Alameda County Sheriffs Deputies had No Authority or Jurisdiction to be Patrolling Alcosta Blvd. whatsoever. There is No Authority and Jurisdiction to Patrol or Exercise Police Powers outside of Alameda County and City of Dublin Territorial Boundaries. Thus, Acting in Excess of or Lack of Authority and Police Power Jurisdiction. Thus, Clearly Establishing a Violation of my Civil and Constitutional Rights under the Color of State Law. **When a Police officer acts outside of Authority and Jurisdiction of City or County Police Powers, is not entitled to Claim Qualified or Good Faith Immunity, see: Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).** Thus Establishing Clearly Violated Established Constitutional and Civil Right. See: **Saucier v. Katz, (U.S. 2001), 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d. 272.**

The License Plate was readable because the Wheatfall No. 429 stated that after the Stop. I asked him to Prove that my Stop Light was out he refused to Prove that Violation. Thus, Probable Cause is Clearly Violated and Traffic Stop is Unreasonable, Unlawful and in Violation of the Fourth and Fourteenth Amendments.

The Arrest Warrant claimed here is being Challenged as Unlawful and in Violation of Judge's Lawful Jurisdiction to Issue. Let Notice be taken here that a Warrant for Failure to Appear is a Civil Contempt Action and Not Covered by Judicial Immunity. Let Notice be taken

here that a Misdemeanor Warrant is Not a Probable Cause Warrant. See: **United States v. Vazquez-Pulido , 155 F.3d 1213, 1216 (10th Cir.), cert. denied , 119 S. Ct. 437 (1998).**

**A term used to express every offense inferior to felony, punishable by indictment, or by particular prescribed proceedings. In its usual acception, it is applied to all those crimes and offenses for which the law has not provided a particular name. Bouvier's Law Dic. 1914, p. 2222.**

The Misdemeanor Traffic Warrant did Not give rise to Probable Cause. There was No Probable Cause for the Traffic Stop and thus Warrant Check was Unlawful and in Violation of the Fourth and Fourteenth Amendments. There can be NO Probable Cause for a Traffic Stop outside of Territorial Boundaries of Jurisdiction and Authority.

Suspended License is Not Correct because I have asked for and Demanded for a License Suspension Hearing (14) Times in this past 4 years. Let Notice be taken here, that there are NO Convictions of Driving on a **Suspended Driver's Right License**. Thus, with No Convictions You have No Proof that Suspension is even Valid or Lawful. I Have Not been Convicted of this Allegation or Crime.

## (AFFIRMATIVE CAUSE OF ACTION - I)
## (NO PROOF OF ANY CRIMINAL CONVICTIONS)

In Punishing me by Towing and Seizing of my Vehicle and Arrest of my Person has been Done without Proving that I Committed a Crime beyond a Reasonable Doubt. The City Police Agency has No Proof whatsoever that I have been Convicted of any Crime. In Order to Prove I deliberately drove in Violation of Law there must be Proof beyond a Reasonable Doubt that I was Convicted of any Crime, to which **14602.6(a)(1)** Penalty is applicable for. See: U.S.C.A. Const. Amend. 14. Carella v. California, 109 S.Ct. 2419, 105 L. Ed.2d 218, rehearing denied, 110 S. Ct. 23, 106 L. Ed.2d 636; Barnes v. U. S., 93 S.Ct. 2357, 412 U.S. 837, 37 L. Ed.2d 380. Thus, Penalty of Arrest and Towing, Seizure (Hold) of Vehicle Action was taken without and in Violation of Heightened Due Process Requirements of Fourteenth Amendment.

Being Charged for a Crime before Trial begins is only an Allegation of a Crime. There is Legal Difference between being Charged by Allegation and Actual Conviction and being Penalized for that So-called Civil Crime by imposition of a Civil Penalty. Being Penalized before ever going to Trial for an Allegation of Civil Crime that I will without any Doubt whatsoever Defeat soundly is Deprivation of Heightened Due Process Requirements Fourteenth Amendment. See: <u>Reno v. Flores</u>, 507 U. S. 292, 301-302 (1993); <u>Washington v. Glucksberg</u>, 521 U. S. 702, 719 (1997).

> The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." We have long recognized that the Amendment's Due Process Clause, like its Fifth Amendment counterpart, "guarantees more than fair process." <u>Washington v. Glucksberg</u>, 521 U. S. 702, 719 (1997). The Clause also includes a substantive component that "provides heightened protection against government interference with certain fundamental rights and liberty interests." Id., at 720; see also <u>Reno v. Flores</u>, 507 U. S. 292, 301-302 (1993).

Not to mention the **Constitutional Guarantee and the Presumption that I Innocent until Proven Guilty**. Isn't this Interest in Justice what truly Separates the U.S. from other Totalitarian Governments. The Named Defendants are Professionals it is their Duty to Know the Law and at their Peril abide their Actions within those Constitutional and Lawful Limitations. There is No Reliance on Good Faith when they have a Computer in the Patrol Cars and they must have seen that I had been Charged with an Alleged Crime and Not Convicted of that Crime. There can be No Immunity deprivation of Clearly Established Constitutional Right to Trial before being Hung on a Tree. The Right to the Presumption of Innocense was Recognized before Magna Carta.

> The *Magna Charta* provided that: 'No Freeman shall be taken, or imprisoned, or be disseised of his Freehold, or Liberties, or free Customs, or be outlawed, or exiled, or any otherwise [397 U.S. 358 , 379] destroyed; nor will we not pass upon him, nor condemn him, but by lawful Judgment of his Peers, or by Law of the Land.' <u>IN RE WINSHIP</u>, 397 U.S. 358 (1970)

Thus, Police Action is Arbitrary, Excessive, Capricious and a Violation of my Constitutional (Fourteenth Amendment) and Civil Rights, (Section 1983). Thus Penalty is Assessed without Proof of a Conviction. The Cal. Veh. Code **14602.6(a)(1)** allows the Policeman Uncontrolled Discretion to Tow and Impound Vehicle without Proof of any Convictions of any kind. This

Constitutes a Punishment without a Conviction and Denial of Heightened Due Process Requirements. This is Unconstitutional on its Face. See: **ROBERTSON v. CALIFORNIA**, 498 U.S. 1004 (1990); Stanley v. Illinois, 405 US 645, 647; Fuentes v. Shevin, 407 US 67, 92 S.Ct. 1983; IN RE WINSHIP, 397 U.S. 358 (1970); Washington v. Glucksberg, 521 U.S. 702, 720 (1997).

It allows for a Tow and Impoundment without having to Prove that Vehicle's Owner was Convicted or the Suspension is even Justified. It allows a Penalty of (30) Impoundment without Proof beyond a Reasonable Doubt that the Vehicle's Owner is Guilty of any Crime whatsoever. In our System of Justice and Due Process of Law, before a Defendant or the Accused can be Penalized (Impoundment of Vehicle for 30 Days) for a Criminal or under th Color and Guise of a Civil Penalty Act, the Charge must be proven beyond a Reasonable Doubt.

> **Due process clause of the Fourteenth Amendment denies states the power to deprive the accused of liberty or property unless the prosecution proves beyond a reasonable doubt every element of the charged offense; jury instructions relieving states of this burden violate a defendant's due process rights. U.S.C.A. Const. Amend. 14. Carella v. California, 109 S.Ct. 2419, 105 L. Ed.2d 218, rehearing denied 110 S.Ct. 23, 106 L. Ed.2d 636, U.S. Cal. 1989; Barnes v. U. S., 93 S. Ct. 2357, 412 U.S. 837, 37 L. Ed.2d 380.**

The Seizing and taking of my Property and Seizing and Arresting of my Person without proof of any Conviction and Criminal Charge beyond a Reasonable Doubt, Violates the Fourth and **Fourteenth Amendments** and **42 U.S.C.A. Section 1983.** Let Judicial Notice be taken here that the Named Individual Police Officer's had to or must have Known that I was Not Convicted of any Crime whatsoever. It is right there on their Computer Screen to which they have a Laptop Computer which has Internet Access and they had my Record on the Screen. When they called to Verify my Driver's License the Dispatcher had that information also. There can be No Good Faith or Qualified Immunity for a Police Officer who takes the Law unto their Own Hands and makes Discretionary Call like Considering that I am Guilty of a Crime and Seizes my Vehicle and Person without Probable Cause or Seizure and Valid Arrest Warrant.

> ***Any detention beyond the period within which a warrant could have been obtained rendered the officer liable for false imprisonment.*** **See, e.g., Twilley v. Perkins, 77 Md. 252, 265, 26 A. 286, 289 (1893); Wiggins v. Norton, 83 Ga. 148, 152, 9 S.E. 607, 608-609 (1889); Brock v. Stimson, 108 Mass. 520 (1871); Annot., 98 A.L.R.2d 966 (1964). COUNTY OF RIVERSIDE v. McLAUGHLIN, 500 U.S. 44 (1991)**

THUS, ESTABLISHING MORE THAN ENOUGH ALLEGATION AND MATERIAL FACTS OF AFFIRMATIVE CAUSE OF ACTION UNDER SECTION 1983 FOR THE DEPRIVATION OF A CLEARLY ESTABLISHED CONSTITUTIONAL AND CIVIL RIGHT. THE DEPRIVATION AND DENIAL OF THE RIGHT TO DUE PROCESS AND TRIAL BEFORE CONVICTION OF SO-CALLED CIVIL CRIME AND BEING PENALIZED FOR CIVIL CRIME. THE TAKING OF HOLDING, (SEIZING), IMPOUNDMENT OF MY PRIVATE PROPERTY (VEHICLE) FOR THE UN-CONVICTED UNPROVEN AND LACK OF JURISDICTION CARRYING OUT OF A CIVIL PENALTY AND PENALIZING ME FOR EXERCISING OF CONSTITUTIONAL AND CIVIL RIGHT UNDER THE COLOR AND GUISE OF STATE LAW COUNTY AND CITY ORDINANCE AND OR LOCAL PRACTICE.

The Statement that I Choose to Drive even though I knew my Right to Drive was Suspended is also Incorrect. Driving is Not a State of California granted Privilege which is Summarily Suspended or Revoked at the will of the Legislature. The Right to Drive and Use my Vehicle for Private Travel is a Vested Right. See: **(Berlinghieri v. Department of Motor Vehicles, (1983) 33 Cal.3d 392, 395 [188 Cal.Rptr. 891, 657 P.2d 383].) But however substantial such a property interest may be, it is no more substantial than the right to pretrial freedom in criminal cases because of the presumption of innocence. Gerstein v. Pugh, (1975) 420 U.S. 103 [43 L. Ed.2d 54, 95 S.Ct. 854]**.

All the above being said, the Right to Drive and or Privilege Right Doctrine is Not on Trial here. I Must Object and Protest to this Prejudicial Material Statement of Facts.

Now we must also take into account, did I Have an Outstanding Warrant that was Truly Valid, Lawful and Jurisdictional? The Named Defendants have no Idea or Understanding or Valid Proof to make that Statement.

**California Vehicle Code Section 14602.6** is Clearly Unconstitutional on its Face and in

1  Violation of the **Fourth and Fourteenth Amendment** and Case Law Precedents.

The majority of the court concluded that, absent exigent circumstances, the *Fourth Amendment* requires the police to obtain a warrant prior to seizing property that has been used in violation of the Act. Ibid. According to the court, the fact that the police develop probable cause to believe that such a violation occurred does not, standing alone, justify a warrantless seizure. The court expressly rejected the holding of the Eleventh Circuit, see United States v. Valdes, 876 F. 2d 1554 (1989), and the majority of other Federal Circuits to have addressed the same issue in the context of the *federal civil forfeiture law, 21 U. S. C. §§881*, which is similar to Florida's. See United States v. Decker, 19 F. 3d 287 (CA6 1994) (per curiam); United States v. Pace, 898 F. 2d 1218, 1241 (CA7 1990); United States v. One 1978 Mercedes Benz, 711 F. 2d 1297 (CA5 1983); United States v. Kemp, 690 F. 2d 397 (CA4 1982); United States v. Bush, 647 F. 2d 357 (CA3 1981). But see United States v. Dixon, 1 F. 3d 1080 (CA10 1993); United States v. Lasanta, 978 F. 2d 1300 (CA2 1992); United States v. Linn, 880 F. 2d 209 (CA9 1989). See also: UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993).

E.g., United States v. United States Dist. Court for Eastern Dist. of Mich., 407 U. S. 297, 315-318 (1972) ("Though the *Fourth Amendment* speaks broadly of `unreasonable searches and seizures,' the definition of `reasonableness' turns, at least in part, on the more specific commands of the warrant clause"); Coolidge v. New Hampshire, 403 U. S. 443, 454-455 (1971); Katz v. United States, 389 U. S. 347, 357 (1967); Johnson v. United States, 333 U. S. 10, 13-14 (1948); Harris v. United States, 331 U. S. 145, 162 (1947) (Frankfurter, J., dissenting) ("[W]ith minor and severely confined exceptions, inferentially a part of the Amendment, *every search and seizure is unreasonable when made without a magistrate's authority expressed through a validly issued warrant*"), overruled in part by Chimel v. California, 395 U. S. 752 (1969); see also Shadwick v. Tampa, 407 U. S. 345, 348 (1972) (noting "the now accepted fact that someone independent of the police and prosecution must determine probable cause"); Wong Sun v. United States, 371 U. S. 471, 481-482 (1963).

The Decision above makes it very Clear that: *Fourth Amendment requires the police to obtain a warrant prior to seizing property that has been used in violation of the Act.* United States v. Valdes, 876 F.2d 1554 (1989); UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993). Federal Forfeiture Law Requires City or County Police Agency to get a Fourth Amendment Seizure Warrant Prior to Holding, (Seizing) Private Property (Vehicle). Thus, and Invalid California Vehicle Code made in Violation of the Federal Constitution and Federal Law. The Supremacy of the Federal Constitution and Federal Law are the Supreme law of the Land. See: **9 Wheat. (22 U.S.), 210-211 (1824).** See the Court's discussion of Gibbons in Douglas v. Seacoast Products, 431 U.S. 265, 274-279 (1977).

It (**Article VI, Clause 2**), the Supremacy Clause goes on to State:

Clause 2. This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

No State Law can be Valid if it Violates the Federal Constitution, and Rights and or Federal Law. Thus any State Law Violation of the Fourth and Fourteenth Amendment Rights and Federal Law and or Federal Forfeiture Law must Yield. No State Law can Authorize a Violation thereof a Constitutional Right or Federal Law.

## **(IN CONCLUSION)**

I MOVE THE COURT TO DENY ALL MOTIONS FOR DISMISSAL AND ALL OTHER CLAIMS FOR REMEDIES FILED BY COUNTY COUNSEL AND CENTRAL TOWING TOW AGENCY.

I FURTHER MOVE THE COURT TO GRANT A COURT DATE WITHIN (50) DAYS OF THIS DATE TO HEAR NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE CAUSES OF ACTION UNDER SECTION 1983 AND THE GRANTING OF ALL PRAYED FOR RELIEF, REMEDIES SOUGHT AND DAMAGES, PUNITIVE DAMAGES SOUGHT IN THE COMPLAINT AND ANY REMEDIES TO BE DEEMED NECESSARY OR PROPER BY THIS COURT.

**NOTICE OF SERVICE BY MAIL:**
I WILLIAM J. WHITSITT, _____, THIS THE _____ DAY OF AUGUST, 2008, AT _____ PM, DID SERVE BY MAIL POSTAGE PREPAID, VIA FIRST CLASS MAIL:  ORDER RELEASING VEHICLE FREE OF CHARGES OF TOWING AND STORAGE AND OTHER FEES OR ALTERNATIVE REMEDY ORDER RELEASING VEHICLE UNTIL MATTER OF VEHICLE IS SETTLED, TO THE FALLOWING NAMED DEFENDANTS:

* COUNTY COUNSEL FOR ALAMEDA COUNTY AT:  ATTN:  Richard E. Winnie - County Counsel  Diane C. Graydon - Deputy County Counsel 1221 Oak Street, Suite 450,  Oakland, CA  94612 - 4226

* CENTRAL TOWING AND TRANSPORT COUNSEL:   TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP  Bruce D. M. Prescott, Daphne C. Lin, 2201 Walnut Ave., Suite 200, Fremont, CA  94538

1 | I WILLIAM J. WHITSITT, _____, THIS THE _____DAY OF JULY, 2008, DO HEREBY DECLARE AND
2 | AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT UNDER THE PENALTY OF LAW, INCLUDING NOTICE OF SERVICE BY MAIL.

RESPECTFULLY  SUBMITTED

_____
WILLIAM  J.  WHITSITT
DATED:  July 30, 2008