TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP.
Bruce D.M. Prescott, Esq. CSB #120980
Daphne C. Lin, Esq. CSB #193214
2201 Walnut Avenue, Suite 200
Fremont, California 94538
Telephone: (510) 790-0900
Facsimile: (510) 790-4856
E-mail: daphnelin@tatp.com

Attorneys for Defendant
Central Towing & Transport, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>                        Plaintiff,<br><br>v.<br><br>WHEATFALL, et al.<br><br>                        Defendants. | Case Number: C-08-2139-JSW<br>Related Cases: C 08-01802, C 08-01803,<br>                 and C 08-02138<br><br>**DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S REPLY TO PLAINTIFF'S OPPOSITION AND OBJECTION TO MOTION TO DISMISS**<br><br>[FRCP 12(b)(6); 28 U.S.C. §1915(e)]<br><br>**Hearing Date:**    **August 29, 2008**<br>**Time:**                **9:00 a.m.**<br>**Court Room**      **2**<br>**The Honorable Jeffrey S. White** |

## I.

## INTRODUCTION

The Opposition filed by Plaintiff William J. Whitsitt ("Plaintiff") is mainly directed at issues raised in County Defendants' Motion to Dismiss instead of the motion filed by Central Towing & Transport, LLC ("Central Towing"). The only two points addressing Central Towing's motion are (1) Plaintiff's accusation that defense counsel has attempted to damage his reputation, and (2) a one-sentence dismissal of the cognizable legal theory as inapplicable to a Rule 12b(6) motion because Plaintiff "has not seen" such standard in "any decision of case law precedents whatsoever."

Plaintiff has not shown any factual or legal basis why he would be entitled to relief against Central Towing in either his Complaint or his Opposition. In fact, the Complaint (as in the three related actions as well) is based on his speculation that the Dublin Police pulled him over thinking that they were stopping the previous owner of the vehicle to harass him. (*See, e.g.*, Complaint, 11:14-24) And somehow as a result, the Dublin Police conspired with a towing company, Central Towing, to violate his constitutional rights by citing him for driving without a valid license, making an extra-jurisdictional arrest, and having his vehicle towed. According to Plaintiff, not only are the arrest and the tow unconstitutional, the Vehicle Code section under which he was arrested is also unconstitutional on its face.

Plaintiff's Complaint must be dismissed with prejudice because none of Plaintiff's claims have any factual or legal basis. It would be a waste of judicial resources if this action, as well as Plaintiff's three related actions, are allowed to proceed further.

## II.

## LEGAL ARGUMENT

**A.  Plaintiff's Complaint Against Central Towing Must Be Dismissed with Prejudice under 12b(6) and 28 U.S.C. §1815.**

While courts tend to give more latitude to *pro se* litigants, access to the courts under 28 U.S.C. §1915 (*i.e.*, an *in forma pauperis* action) is not unlimited. *See Brown v. Citicorp/Citibank* (N.D. Ill. 1997) 1997 U.S. Dist. LEXIS 16496, *2. To prevent abusive or captious litigation, the statute provides that "the court shall dismiss the case at any time" if it determines that the petitioner's action "is frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." *28 U.S.C. §1915(e)(2)(B)(i)-(iii)*. Plaintiff's action against Central Towing falls into all of these categories.

> *1. Plaintiff fails to and cannot allege that Central Towing conducted the tow in bad faith or had any reason to suspect that the constitutionality of its conduct would be challenged.*

In order to survive dismissal for failure to state a claim, a complaint must contain factual

---

DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

2

allegations sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly* (2007) 127 S. Ct. 1955, 1965. In making such a determination, a court need not accept as true conclusory allegations or legal characterizations, nor does it need to accept unreasonable inferences or unwarranted deductions of fact. *Transphase Systems, Inc. v. Southern Calif. Edison Co.* (C.D. Cal. 1993) 839 F. Supp. 711, 718. Further, *28 U.S.C. §1915* accords judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Denton v. Hernandez* (1992) 504 U.S. 25, 32. To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Id.*

Plaintiff's Complaint alleges that Central Towing should be liable solely because "the tow operator *had to have known*" that the vehicle was "outside of the City of Dublin's authority and jurisdiction," and "*must have known* that he was in Contra Costa County." (Complaint at 5:18-25, emphasis added.) These are nothing more than conclusory allegations based on unreasonable inferences and/or unwarranted deductions of fact. The affidavits submitted by Central Towing show that both the dispatcher and the tow truck driver were informed and believed that the vehicle was in Dublin. Neither of them thought or knew otherwise.

Further, a tow company cannot be held liable for violating Plaintiff's constitutional rights under *42 U.S.C. §1983* when the alleged constitutional violation arose not from any act or omission by the tow company. *Clement v. City of Glendale* (9th Cir. 2008) 518 F.3d 1090 at 1097 (a private tow company can assert the good faith defense even though qualified immunity does not apply). Unless there exists bad faith on the part of Central Towing, it cannot be held liable for the alleged violation of Plaintiff's constitutional rights or monetary relief sought by Plaintiff.[1]

Here, the Complaint alleges no facts showing bad faith on the part of Central Towing.

---

[1] It would be fundamentally unfair and unjust that Central Towing should be compelled to expend thousands of dollars in attorneys' fees to defend a tow which initially cost Plaintiff approximately $100, when all Central Towing did was following the instructions of the Dublin Police.

**DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

1 | Plaintiff does not and cannot allege that Central Towing towed his vehicle with the knowledge
2 | that there might be a constitutional dispute. The Complaint does not contend that Plaintiff's
3 | arrest and the tow of his vehicle were caused by independent acts or omissiona by Central
4 | Towing and there exists no fact that would support such an assertion. As such, the Complaint
5 | alleges no cognizable legal theory or sufficient facts under a cognizable legal theory under which
6 | Plaintiff can claim any relief against Central Towing. *See Balistreri v. Pacifica Police Dept.* (9th
7 | Cir. 1990) 901 F.2d 696, 699.

8 |   Plaintiff's Complaint is also frivolous because, as shown, there is no legal or factual basis
9 | supporting Plaintiff's claim against Central Towing. *Neitzke v. Williams* (1989) 490 U.S. 319 at
10 | 325. Further, complaints that are plainly part of a longstanding pattern of abusive and repetitive
11 | lawsuits may be dismissed as frivolous and malicious. *Stanley v. Gomez* (N.D. Cal. 1993) 1993
12 | U.S. Dist. LEXIS 603, *3-4 (citing *Horsey v. Asher* (8th Cir. 1984) 741 F.2d 209, 213 and
13 | *Spencer v. Rhodes* (E.D.N.C. 1987) 656 F. Supp. 458, 463). Plaintiff's filing of four separate but
14 | mostly identical lawsuits based on one incident, his contentions that California Vehicle Code
15 | §14602.6 is unconstitutional on its face because it "allows the [p]oliceman [sic] [u]ncontrolled
16 | [d]iscretion to [t]ow and [i]mpound [v]ehicle without [p]roof of any [c]onvictions," and his
17 | history of suing government agencies and private parties on the grounds that government should
18 | not "levy taxes" or suspend his driver's license when he fails to pay registration fees demonstrate
19 | a pattern of abusive and repetitive lawsuits and render this action and the related actions
20 | frivolous.

21 |   *2. Plaintiff's Conspiracy Cause of Action Must Be Dismissed With Prejudice.*
22 |   As discussed in Central Towing's moving papers, the Complaint lacks specific
23 | allegations for the conspiracy cause of action against Central Towing as required by Rule 9(b).
24 | *Alfus v. Pyramid Tech. Corp.* (N.D. Cal. 1990) 745 F. Supp. 1511, 1521 (to state a claim for
25 | conspiracy, a plaintiff must allege with sufficient factual particularity that defendants reached
26 | some explicit or tacit understanding or agreement). Further, a complaint must allege facts
27 | showing that each particular defendant charged with responsibility proceeded tortiously. *See*
28 | *Orser v. George* (1967) 252 Cal. App. 2d 660, 667. One who innocently does an act that furthers

**DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**
4

1 the tortious purpose of another is not acting in concert with him or her and thus cannot be held
2 liable for conspiracy. *Saunders v. Superior Court* (1994) 27 Cal. App. 4th 832, 846.

3     Plaintiff's Opposition makes no attempt to address the deficiencies of his conspiracy
4 cause of action against Central Towing that were pointed out in Central Towing's motion. It is
5 understandably so since, even if, assuming *arguendo*, the Dublin Police's action were tortious,
6 Plaintiff cannot allege that Central Towing conducted the tow with any tortious intent.

7     Again, Plaintiff's Complaint does not meet the standard under Rule 12b(6) or Section
8 1915(e)(2).

**B.  Plaintiff's Request for Sanctions Against Central Towing's Counsel Is Without Any Merit.**

11     To request sanctions against opposing counsel for making allegations or factual
12 contentions without evidentiary support, a party must make a separate motion which "shall be
13 served but not filed unless, within 21 days after service of the motion, the challenged paper,
14 contention, or allegation is not withdrawn or appropriately corrected." *Fed. R. Civ. Pro. Rule 11*.
15 Plaintiff's request for sanctions against Central Towing's counsel, inserted in his Opposition, for
16 allegedly slandering his reputation and good name is therefore improper.

17     Most importantly, Plaintiff's request has no merit. In the Opposition, Plaintiff first claims
18 that defense counsel attempted to "[d]iscredit, and [i]njure [his] [r]eputation and [g]ood [n]ame"
19 by labeling his Complaint a "[c]ut and [p]aste Complaint" (Opposition, 1:37-2:6) when nowhere
20 in Central Towing's moving papers contains such statements. Plaintiff then accuses counsel for
21 making "[s]landerous and [u]nlawful [s]tatements and [a]llegations" against his past.
22 (Opposition, 3:17-21) However, the only reference to Plaintiff's past made in Central Towing's
23 Motion to Dismiss was his history of suing government agencies and private entities for similar
24 claims (Central Towing's Motion to Dismiss, 3:10-16) based on two rulings issued by the Ninth
25 Circuit where trial courts' dismissals of Plaintiff's actions were affirmed. The statements
26 contained in the paragraph are factually accurate and can find evidentiary support in the Court's
27 docket.

28     As such, Plaintiff's request for sanctions should be denied with prejudice.

**DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**
5

1  C.   **No Leave Should Be Granted.**

2      A complaint should be dismissed with prejudice if it appears beyond any doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Franklin v. Murphy* (9th Cir. 1984) 745 F.2d 1221, 1228, 1230. In particular, leave should not be granted in cases where the claims simply describe fantastic or delusional scenarios. *See Riches v. Dahmer* (N.D. Cal. 2007) 2007 U.S. Dist. LEXIS 91067.

    As discussed previously, there is no factual basis or legal theory to support Plaintiff's claims against Central Towing and the defects cannot be cured by amendment. Further, Plaintiff's claims against Central Towing are based on unfounded speculations. The Court should therefore not grant leave to amend.

### III.
### CONCLUSION

    For all of the foregoing reasons, defendant Central Towing & Transport, LLC respectfully requests that the Court grant the Motion to Dismiss, dismiss Plaintiff's action against Central Towing & Transport, LLC with prejudice, and award Central Towing & Transport its costs of suit as provided by law.

Dated: August 11, 2008          TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP.

By: _____
Bruce D. M. Prescott
Daphne C. Lin
Attorneys for Defendant
Central Towing & Transport, LLC

---

**DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**
6

**DECLARATION OF SERVICE**
William J. Whitsitt v. Wheatfall, et al.
Case Number C-08-2139-JSW
Related Cases: C-08-01802, C-08-01803, C-08-2138

I, Carmen Ott, declare and say:

I am over the age of eighteen years and not a party to the within action. My business address is 2201 Walnut Avenue, Suite 200, Fremont, California, 94538.

On August 11, 2008, I caused to be served the following documents described as:

**DEFENDANT CENTRAL TOWING & TRANSPORT, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

**William J. Whitsitt**
**335 West Clover Road**
**Tracy, California    95376**

___    (by personal service): I caused such envelope to be delivered by hand to the above address(es).

___    (by facsimile): I caused the above-referenced document(s) to be transmitted to the above-named persons at each of their respective facsimile numbers listed above, a copy of which is attached hereto.

___    (by overnight courier): I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the above address(es).

XX    (by mail): I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed on August 11, 2008.

_____
Carmen Ott

---

Defendant Central Towing & Transport, Llc's Reply to Plaintiff's Opposition to Motion to Dismiss - Declaration of Service