WILLIAM J. WHITSITT
335 W. CLOVER ROAD
TRACY, CA 95376
(209) 221-1405
WHITSITTW@GMAIL.COM

IN PROPRIA PERSONA

FILED
08 AUG 18 PM 12: 27
U.S. DISTRICT COURT

IN UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF CALIFORNIA SACRAMENTO

| | |
|---|---|
| WILLIAM J. WHITSITT (PLAINTIFF) | **Case No.: C08 – 2139 JSW** |
| ---------------VS-------------- | |
| **Wheatfall # 429** - Alameda County Sherif | **ANSWER TO RESPONSE ON:** |
| **A. Garth # 1340** - Alameda County Sherif | **OPPOSITION AND OBJECTION TO MOTION FOR DISMISSAL TOW OPERATOR CENTRAL TOWING & TRANSPORTING** |
| **Unnamed Police Officer** Alameda County Sherif | |
| **Tow Operator** - Central Towing and Transporting | |
| **COUNTY OF ALAMEDA** SHERIF DEPARTMENT | Hearing For: Motion to Dismiss |
| **City of Dublin Police Services** | Hearing Date: August 29th, 2008 |
| | Hearing Time: 10:AM |
| **10 UNNAMED DEFENDANTS** (DEFENDANTS) | Judge: Honorable Jeffery S White |

I William J. Whitsitt, do hereby File with this Court My Opposition and Objection To Motion for Dismissal Against Defendant Tow Operator, Central Towing and Transporting.

## (1.) - INTRODUCTION

**OBJECTION:** I Must Object and Protest here at Defendants Counsel's Attempt to

Discredit, and Injure my Reputation and Good Name in Violation of Federal Law against Slander and Injuring Reputation of Opposing Party not Represented by Counsel and Attempting to Prejudice the Court and Proceedings. See: **Paul v. Davis, 424 U.S. 693, 722 -723 (1976).** Which states:

> **"Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential."**

"**Vexatious Litigant**" I must Object to that Prejudicial Statement attempting to Prejudice this Court and Proceedings. It is also an Unlawful Attack on my Good Name, Reputation and how this Court will view me as Reliable. It Violates my Right to Privacy and the Right to keep my Past Private. Damaging Word about my past can cause Prejudice to me and my Proceedings in this Court.

> **"The Court has recognized the serious damage that could be inflicted by branding a government employee as 'disloyal,' and thereby stigmatizing his good name"); Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971).**

My Past before this Case at bar is Not on Trial before this Court and I Must OBJECT and PROTEST against this Act of Unfairness and Unfair Play in this Court. I thus Move this Court to Set Aside these Slanderous and Unlawful Statements and Allegations against my Past which is a Protected Constitutional and Civil Right under Liberty. I Move this Court to Sensors those Statements and to Sanction the Attorney Bruce D. Prescott CSB No. 120980 Daphne C. Lin CSB No. 193214. See also: **Gertz v. Robert Welch, Inc., 418 U. S. 323, 341 (1974)**:

> **"[T]he individual's right to the protection of his own good name 'reflects no more than our basic concept of the essential dignity and worth of every human being-a concept at the root of any decent system of ordered liberty.'"**

See also: **DUN & BRADSTREET, INC. v. GREENMOSS BUILDERS, 472 U.S. 749, id at 758 (1985).**

My Good Name and Reputation and Integrity and how this Court will view me is very important to the outcome of my Proceedings and Case. Thus, I move this Court to Order Sanctions and Protection against this happening any more and to Set Aside Past Statements that

bring into Questions of my Past, that are Prejudicial and Damaging to my Person and Past. I Move this Court to further Order the Withdrawal and Striking of all the Prejudicial Statements.

**My Right to bring Suit for Violation of my Civil and Constitutional Right, the Unlawful Hold (Seizure) of my Vehicle (Private Property) in Violation of the Fourth Amendment is Not "Vexatious Litigant." The Denial of Due Process Notice and Opportunity to Defend and Right be Free from Unlawful Seizures is Not Vexatious Litigation. An Action Under the Color and Guise of State Law, County and City Ordinance is Not "Vexatious Litigation." Action in Violation of the Right to Full Evidentiary and Adversarial Forfeiture Hearing in Front of a Jury is Not "Vexatious Litigation." Taking a Cause of Action against a Wrongful, Unlawful Tow and Seizing of my Vehicle in Violation of the Fourth Amendment is Not Vexatious Litigation."**

The Statement that I Choose to Drive even though I knew my Right to Drive was Suspended is also Incorrect. Driving is Not a State of California granted Privilege which is Summarily Suspended or Revoked at the will of the Legislature. The Right to Drive and Use my Vehicle for Private Travel is a Vested Right. See: **(<u>Berlinghieri v. Department of Motor Vehicles</u>, (1983) 33 Cal.3d 392, 395 [188 Cal.Rptr. 891, 657 P.2d 383].) But however substantial such a property interest may be, it is no more substantial than the right to pretrial freedom in criminal cases because of the presumption of innocence. <u>Gerstein v. Pugh</u>, (1975) 420 U.S. 103 [43 L. Ed.2d 54, 95 S. Ct. 854].**

All the above being said, the Right to Drive and or Privilege Right Doctrine is Not on Trial here. I Must Object and Protest to this Prejudicial Material Statement of Facts.

Now we must also take into account, did I Have an Outstanding Warrant that was Truly Valid, Lawful and Jurisdictional? The Named Defendants have no Idea or Understanding or Valid

Proof to make that Statement.

**California Vehicle Code Section 14602.6** is Clearly Unconstitutional on its Face and in Violation of the Fourth Amendment and Case Law Precedents.

> The majority of the court concluded that, absent exigent circumstances, the *Fourth Amendment requires the police to obtain a warrant prior to seizing property that has been used in violation of the Act.* Ibid. According to the court, the fact that the police develop probable cause to believe that such a violation occurred does not, standing alone, justify a warrantless seizure. The court expressly rejected the holding of the Eleventh Circuit, see United States v. Valdes , 876 F. 2d 1554 (1989), and the majority of other Federal Circuits to have addressed the same issue in the context of the *federal civil forfeiture law*, 21 U. S. C. §§881, which is similar to Florida's. See United States v. Decker , 19 F. 3d 287 (CA6 1994) (per curiam); United States v. Pace , 898 F. 2d 1218, 1241 (CA7 1990); United States v. One 1978 Mercedes Benz, 711 F. 2d 1297 (CA5 1983); United States v. Kemp, 690 F. 2d 397 (CA4 1982); United States v. Bush, 647 F. 2d 357 (CA3 1981). But see United States v. Dixon, 1 F. 3d 1080 (CA10 1993); United States v. Lasanta , 978 F. 2d 1300 (CA2 1992); United States v. Linn , 880 F. 2d 209 (CA9 1989). See also: UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993).
>
> E.g. , United States v. United States Dist. Court for Eastern Dist. of Mich. , 407 U. S. 297, 315-318 (1972) ("Though the *Fourth Amendment* speaks broadly of `unreasonable searches and seizures,' the definition of `reasonableness' turns, at least in part, on the more specific commands of the warrant clause"); Coolidge v. New Hampshire, 403 U. S. 443, 454-455 (1971); Katz v. United States , 389 U. S. 347, 357 (1967); Johnson v. United States , 333 U. S. 10, 13-14 (1948); Harris v. United States , 331 U. S. 145, 162 (1947) (Frankfurter, J., dissenting) ("[W]ith minor and severely confined exceptions, inferentially a part of the Amendment, *every search and seizure is unreasonable when made without a magistrate's authority expressed through a validly issued warrant"),* overruled in part by Chimel v. California , 395 U. S. 752 (1969); see also Shadwick v. Tampa , 407 U. S. 345, 348 (1972) *(noting "the now accepted fact that someone independent of the police and prosecution must determine probable cause");* Wong Sun v. United States , 371 U. S. 471, 481-482 (1963).

The Decision above makes it very Clear that: ***Fourth Amendment requires the police to obtain a warrant prior to seizing property that has been used in violation of the Act.*** **United States v. Valdes , 876 F. 2d 1554 (1989); UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993).** Federal Forfeiture Law Requires City or County Police Agency to get a Fourth Amendment Seizure Warrant Prior to Holding, (Seizing) Private Property (Vehicle). Thus, and Invalid California Vehicle Code made in Violation of the Federal Constitution and Federal Law. The Supremacy of the Federal Constitution and Federal Law are the Supreme law of the Land. See: **9 Wheat. (22 U.S.), 210-211 (1824). See the Court's discussion of Gibbons in Douglas v. Seacoast Products, 431 U.S. 265, 274-279 (1977).**

It (Article VI, Clause 2) goes on to State:

**Clause 2. This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.**

No State Law can be Valid if it Violates the Federal Constitution, and Rights and or Federal Law. Thus any State Law Violation of the Fourth and Fourteenth Amendment Rights and Federal Law and or Federal Forfeiture Law must Yield. No State Law can Authorize a Violation thereof a Constitutional Right or Federal Law.

## (II.) - (LEGAL ARGUMENT) I MUST OBJECT

The Counsel of Central Towing argument here, Completely missed the Legal Mark. I must OBJECT.

The Private Towing Agency is Not IMMUNE whatsoever, when they act Pursuant to a Conspiracy under Section 1983. When they act as an Agent of the State, County, City under the Color of State Law.

**In Halvorsen v. Baird, 146 F.3d 680 (9th Cir. 1998),....We noted that one main purpose of qualified immunity is to avert the "concern that threatened liability would, in Judge Hand's words, " `dampen the ardo[u]r of all but the most resolute, or the most irresponsible' " public officials." Id. at 685 (quoting Richardson, _521 U.S. at 408 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982) (quoting Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949)). We recognized that the private detoxification firm that contracted with the state, like the private prison firm in Richardson, " `face[s] threats of replacement by other firms with records that demonstrate their ability to do both a safer and a more effective job.' " Id. at 686 (quoting Richardson, 521 U.S. at 409). We also noted that, due to market forces,"if a detox center does a bad job, more effective competitors can bid on the municipal contracts."**

The Defendant Central Towing's Counsel is Incorrect about the Claim of Qualified Immunity from Suit under Section 1983 acting as an Agent (Tow Operator) for City of Dublin Police Services. The Private Person, (Corporation) Acting as an Agent for City Police Agency must bear the Burden and Risk at their own Peril. There is No Good Faith Immunity Claim

Available for a Private Tow Company (Person) who acts as an Agent for City of County Police Agency. The Private Tow Agency bears the Responsibility to Know the Governing Rules and to abide their Acts within those Rules. See: **Lavin v. Marsh, 644 F.2d 1378 (9th Cir. 1981). See Also: Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, at 384, 68 S.Ct. 1 (1947); Continental Casualty Co. v. United States, 113 F.2d 284 (5th Cir. 1940):** **Thus Immunity Claim and Argument by Counsel for Central Towing is Frivolous and Lacking Legal Merit and must be Denied with Prejudice.**

**(A.)- *Plaintiff's Complaint Against Central Towing Must Be Dismissed with Prejudice Under 12(b) and 28 U.S.C. Section 1815.***

**I Must OBJECT.**

This Argument by Central Towing Misses the Legal Mark also. The Claim and Argument here is Quite Superficial and Non-Factual. They are attempting to Overrule a Case Law Precedent by the Federal Supreme Court by a mere Decision that was never Challenged and Reviewed by Supreme Court. The argument:

> **"To prevent abusive or captious litigation, the court will dismiss at any time." If it determines that the petitioner's Action "is Frivolous or Malicious.," "fails to state a claim on which Relief may be granted."**

I have presented a Clearly Legitimate Cause of Actions and Claims against Central Towing upon which Relief can be Granted. As far as the Individually Named Defendant Tow Operator is Concerned:

- **the Named Tow Operator Towed my Vehicle outside of Territorial Jurisdictional Boundary of Alameda County and the City of Dublin Police Services Authority.**

The Question becomes can an Individually Named Tow Operator be Named in a Separate Cause of Action for his Individual and Independent Part in Section 1983 Action? This Question is Yes he can Held Liable for his Individual Independent Act of Deprivation, Violation thereof,

and or Denial of Constitutional and Civil Rights under Section 1983. Oh I must Apologize to the Named Defendants because I am Not Allowed in their eyes and way of thinking to make a General Conclusion of Law. Even though they are Able to make Conclusions of law. Anyway See:

> **Plaintiff could maintain suit under this section for alleged deprivation of property rights in connection with towing and impoundment of his stolen car, even though Personal Liberties where not involved. Bunkley v. Watkins, C.A. 5 (Fla.) 1978, 567 F.2d 304. See also: Tedeschi v. Blackwood, D.C. Conn.1976, 410 F. Supp. 34; Bim v. Artison, E.D. Wis.1989, 721 F.Supp. on subsequent appeal 924 F.2d 1061 remand 764 F. Supp. 129; Katona v. City of Cheyenne, S. D. Wyo.1988, 686 F. Supp. 287.**

> **CA Wis. 1982. A person's car is property, and thus a state may not deprive him of it without due process of law; deprivation need not be permanent to be actionable. U.S. C.A. Const. Amend. 14. Sutton v. City of Milwaukee, 672 F.2d 644.**

Thus, without question a Cause of Action and Claim under Section 1983 in which Relief can be granted is Firmly Established. This is Material Factual Facts that Establish a Legitimate Claim and Cause of Action under Section 1983.

> **To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. See Bucklu v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). "Section 1983, of course, requires a causal relationship between a defendant's conduct and a plaintiffs constitutional deprivation. Absent such a relationship, the defendant is entitled to dismissal." Latimore v. Widseth, 7 F.3d 709, 716 (8th Cir. 1993) (en banc); see also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th CIT. 1990).**

The Tow Operator made No Objection to Towing and Seizing my Vehicle outside of Alameda County and City of Dublin Territorial Jurisdictional Boundary of Authority, and Towed and Seized my Vehicle. The Deprivation of a Clearly Established Constitutional and Civil Right is the Unlawful Seizing and Towing of my Vehicle in Violation of the Fourth and Fourteenth Amendments and the Conduct of Tow Operator's Deprivation was he Towed and Seized my Vehicle without any Objections.

Also let Judicial Notice be taken here, that Central Towing Counsel has Not stated in their

Answer that my Alleged Claim and Cause of Action and Material Facts are False or lacking in Factual Basis. Thus, this Claim and or Cause of Action must be taken as Factual and True.

**Where answer filed by defendant does not deny any factual averments of complaint, court must take such facts as admitted. United States v McIntire (1974, DC NJ) 370 F Supp 1301. "Uncontested allegations of fact in affidavit must be accepted as true." Morris v. National Cash register Co., 44 S.W.2d 433; Spurgeon v. Julius Blum, Inc., 816 F. Supp. 1317 (1993)**

All Material Facts are Not being Contested by Central Towing Counsel, thus all Material Facts and Claims, Causes of Action must be accepted as TRUE by Law, Rule and Right. All Allegation, Claims and or Causes of Action in my Complaint must taken as true on Motion for Dismissal.

**On a motion to dismiss, a pro se complaint must be liberally construed. See Platsky v. Central Intelligence Agency, 953 F.2d 26, 28 (2d Cir. 1991); see also Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). So construed, the complaint sufficiently alleges a claim and defendant's motion on this ground is denied.**

**"The Plaintiff is entitled to all favorable inferences which may be drawn from [the] allegations.....and its allegations must be taken as true. Moreover, any ambiguities or uncertainties concerning the sufficiency of the claims must be resolved in favor of the plaintiff. See Hughes v. Rowe, 449 U.S. 5, 10 (1980); Scheuer v. Rhodes, 416 U.S. 232, 236 (1979); see also 5 Wright C Miller, Federal Practice and Procedure 6 1357 (1969).**

Hence the Complaint shows a Fault and Deprivation of a Constitutionally Protected Civil Right. The Right to Liberty and Ownership plus continued possession of my Vehicle. It also addressed a Unlawful Towing and Seizing of my Vehicle in Violation of Fourth and Fourteenth Amendments.

**Central Towing Counsel's Argument and Claim here is grossly without Legal Merit and is Frivolous on its face and must be Denied with Prejudice.**

***(2) - Plaintiffs Conspiracy Cause of Action Must be Dismissed with Prejudice.***

**I Must OBJECT.**

This is a Rather Absurd Argument and Claim by Central Towing Counsel. Let us see, there

are more than 2 Named Conspirators. The Named Tow Operator Towed and Seized my Vehicle in Violation of Fourth Amendments. Denial of my Right to Property Ownership, Continued Possession, the Right to Liberty and use my Vehicle Clearly outside of the Lawful Jurisdictional Boundary of Authority of Alameda County and the City of Dublin Police Services. He agreed to Tow and Seize my Vehicle without Objection. His action, Act of Omission contributed to the Conspiracy and He Voluntarily Agreed to do his act. Central Towing and its Tow Operator where in Constant Contact before and after Towing and Seizing of my Vehicle (Private Property). The Action taken was under the Color and Guise of the California Vehicle Code and County and City Ordinance and Practices.

> **The conduct underlying the offense of conspiracy consists of (1) an agreement to accomplish an illegal objective, (2) one or more acts in furtherance of the illegal purpose, and (3) the requisite intent necessary to commit the underlying substantive offense. United States v. Pemberton, 853 F.2d 730, 733 (9th Cir. 1988). See also: Laird v. Tatum, 408 U.S. 1, 51 at 55.**

The Continual Conspiracy Activities, continued to take place before and after this Tow Operator Unlawfully Seized and Towed my Vehicle (Private Property). See: **United States v. Bloch, 696 F2d 1213 (9th Cir. 1982).**

> **"A plaintiff... need not prove that each participant in a conspiracy knew the 'exact limits of the illegal plan or the identity of all participants therein.'" Hampton, 600 F.2d at 621 (quoting Hoffman- LaRoche, Inc. v. Greenberg, 447 F.2d 872, 875 (7th Cir. 1971)). The conspirators "must share in the general conspiratorial objectives but they need not know all the details of the plan... or possess the same motives. Laird v. Tatum, 408 U.S. 1, 51 at 55.**

The Named Individual Tow Operator did Not need to know the extent of and the other Conspirators Activities and Agreement of all Conspiracy Activities. See: **Laird v. Tatum, 408 U.S. 1, 51 at 55**. I have Established a Claim and Cause of Action of Conspiracy Under Section 1983 and I established all the Required Elements of Conspiracy Claim.

**Thus, Central Towing Counsel's Claim here is Absurd, Lacking Legal Merit and Plain outright Frivolous and Must be Denied With Prejudice.**

***(B) - PLAINTIFF'S REQUEST FOR SANCTIONS AGAINST CENTRAL TOWING COUNSEL IS WITHOUT MERIT.*** I Must OBJECT.

Central Towing Counsel attempted to Prejudice the Court against my Case. They Attacked my Right to Personal Privacy, the Liberty Right to a Good Named and Reputation on the Record by Direct Filed Documents with this Court. Let me Remind the Court that this is a Professional Attorney and Law Form who are Under Professional Rules of Conduct and Procedure. They have Attacked my Good Name and Reputation with Intentional Disregard for my Person and Reputation. They acted with Deliberateness, Disregard for my Constitutional and Civil Rights as a Citizen and Non-Professional Indigent Pro Se Petitioner. I have the Inalienable Right to my Personal Dignity, Reputation and Honor of my self as a Citizen and Human Being. The Right to Liberty protects my Right against Slanderous Remarks against my Reputation, Person and Good Name. I also have the Right be Free from Unfair, Untrue Bias and Prejudicial Remarks that Attempt to Prejudice the Court against me and my Case. What I have Allegedly done in my Past in Not on Trial here and my Credibility is Not to be Threatened or Slandered in any way. See: **Paul v. Davis, 424 U.S. 693, 722 -723 (1976).** If my Reputation is to be Tested by the Central Towing Counsel, then let test be Fair and in the Courtroom where I am at least afforded an Opportunity to Defend it. The Litmus test here is did the Named Central Towing Counsel attempt to Slander, Test, bring Accusation against my Reputation, Good Name and or Credibility with the Intent to Dishonor, and or cause undue Prejudice in this Proceedings against me. I do have the Right to Absolute Fairness, Fair play and to be free from

Unfair Bias and Prejudice in my Case against Central Towing.

**"Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him," due process guarantees must scrupulously be observed. Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971). See also Board of Regents v. Roth, 408 U.S. 564, 573 (1972) (same with respect to "any charge . . . that might seriously damage [a person's] standing and associations in his community"); Paul v. Davis, 424 U.S. 693, 722 -723 (1976)**

It is Not a Correct action for a Professional Attorney to attack Credibility of a Non-Professional Indigent in Pro Se without Licensed Counsel. I believe that Counsel for Central Towing Has acted is Bad Faith to Discredit my Person, Discredit my Reputation and Dishonor my Good Name. An Attack on my Reputation with the Intent to Discredit my Reputation, Good Name and Honor with Intent on Malice and Misconduct Willful Intent to Prejudice the Proceedings and Case is more than Grounds for Sanctions to be issued against Counsel of Central Towing. See: **WYATT v. COLE, 504 U.S. 158 (1992)**. I Move this Court for the Issuance of Sanctions against Counsel and to have California State Bar Association Investigate Bar Sanctions. I Move the Court to take Judicial Notice that an Intentional, Willful attempt has been generated to Prejudice this Court and Proceedings. Let further Notice be taken here that my Constitutional and Civil Right to have my Matter Fairly Heard has been Seriously jeopardized with Total Disregard for my Constitutional Right to a Fair Process and the Right to have my matter heard with Fairness of Process and Justice. **Due Process Clause clearly requires a "fair trial in a fair tribunal," Withrow v. Larkin, 421 U.S. 35, 46 (1975)**, I am not making an accusation against this Court whatsoever and I do trust that this Court will proceed to do all that is necessary to be Fair and administer true Justice. This Decision is Directed against Counsel for Central Towing. Who has acted with Willful, Deliberate, Knowing Intent on Malice to Prejudice and to Deny me my Right to Fairness in this Proceedings and Interference with my Right as Litigant to have my Matter

Heard with all Fairness and Justice. I Thus, Move this Court to Issue Severe Sanctions against this Professional Counsel and Legal Law Corporation. I also Move this Court Consider Direct Damages to Assessed against Central Towing Counsel as an Additional Remedy for entering into a Forbidden by Constitutional Right, Law and Rule attack on my Good Name, Reputation, and Personal Credibility. The engagement into this Forbidden Practice will not and must Not be Tolerated by myself and this Court.

The Statement by Central Towing Counsel is Directed against my Past Reputation and it is Not Correct and Factual. I Must OBJECT, my Past is Not Subject to or going to be on Trial here. My Past of over 8 years ago is Not the Subject Matter and Material Facts of this Matter at Bar before this Court. The Privacy of my Past is Not the Question and Subject of and Issues of Material Facts on Trial before this Court. Let the Court take Judicial Notice Here that I am a Natural Born and Free Citizen of Sovereignty and I am Not a Person-Corporate Artificial Person who is Engaged in Corporate Privileges which have No Constitutional Right to and Expectation to the Right of Privacy. **"....a corporation is a `person' within the meaning of the equal protection and due process of law clauses"). In First Nat'l Bank of Boston v. Bellotti, 435 U.S. 765 (1978).** Myself as a Citizen on the other hand have the Absolute, Inalienable Federal Constitutional and Civil Right to Freedom of Privacy from exposing my Past to Attack Reputation, Good Name Credibility. The right to be left alone and the right to have the past not be made public information. **KATZ v. UNITED STATES, 389 U.S. 347 (1967); The Producing of Citizen's past Rap Sheet was considered inappropriate and in violation of the right to privacy, see: U.S. DEPT. OF JUSTICE v. REPORTERS COMMITTEE, 489 U.S. 749 (1989).** The California

State Constitution contains the same Inalienable Right to Protection.

**(White v. Davis, (1975) 13 Cal.3d 757, 773 [120 Cal.Rptr. 94, 533 P.2d 222]; see Cal. Const., art. I, § 1.) fn. 4 Article I, section 1 of the California Constitution provides that: "All people are by nature free and independent and have inalienable rights. Among these are...pursuing and obtaining property... privacy."**

My Past and what I did over 3 years ago rather good or bad has No Bearing on the Material Facts of this case and Matter before this Court whatsoever, it they are Not Fair Game to be made public Information to be Attacked in this Case and or Matter before this Court.

The Attorney mentality, of: **"when in case of doubt, attack a person's credibility, reputation, good name and past."** In this or any other matter against a Private Citizen and Sovereign is patently Unconscionable; Intolerable, Unlawful and Completely Unfair, plus it Violates the Rules of Fairness and Fair Play. Another Point for the Court to take Judicial Notice of is: If I can Hardly remember what I did 8 years ago and longer, and it was not Questioned as Lawful or otherwise then, on what grounds can this Court allow it now. Why is my past of 8 years ago or more being attempted to be used against me? And don't I have the Right to a Citizen and Sovereign to Challenge the Past Information which is Not Relevant to this Case and Matter before this Court, before it is Introduces as Issues of Material Fact? The Federal and State of California Constitution and Rules of Absolute Privacy would then have Protected against that disclosure and Allegation Attack against my Past, Reputation, Good Name and Credibility. The Central Towing Counsel has also Violated the Rules of Professional Conduct. **I thus, Move the Court to Impose Sanctions and Monetary Damages and a Stern Order to Desist from any Future Attempts to attack my Past, Reputation, Good Name and Credibility without Lawful Justification. I also Move the Court to Order an Apology and complete Removal and**

**Striking of that Information Used for that Attack. I Move the Court to Grant all Demanded For Remedies above as a Matter of Right, Rule and Law.**

***[C.] - No Leave to Amend Should Be Granted.*** I Must OBJECT.

This is another completely Ridiculous Argument and Claim that lacking Legal Merit and Authority. Case Precedents clearly State that if Motion to Dismiss is Granted then Leave to Amend MUST BE GRANTED. See: **E.g., Potter v. McCall, 433 F.2d 1087, 1088 (CA9 1970); Noll v. Carlson, 809 F.2d 1446 (CA9 1987). In Denton v. Hernendez, 504 U.S. 25, 35. If Motion to Dismiss is granted for failure to state a claim, "leave to amend should be granted..." Schreiber Distrib. Co v. Serve - Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).** See Also: **Brower v. County of Inyo, 489 U.S. 593 (1989); Denton v. Hernendez, 504 U.S. 25. Thus, this Claim and Argument is Merit-less and Must be Denied**. Also Judicial Notice must be taken here for a Complaint to be Legally Frivolous all the Claims and or Causes of Action must Not be Arguable on the merits or Factual Basis. See: **Neitzke v. Williams, 490 U.S. 319 (1989), Id at 327; see also: Brower v. County of Inyo, 489 U.S. 593 (1989).**

## (Denial of the Right to a Forfeiture Hearing before Lien Sale).

The Inalienable Constitutional and Civil Right to a Full Forfeiture Hearing before Lien Sale is a Heightened Due Process Right. I should not have to Demand for this Forfeiture Hearing because it is Commanded before action is Taken by the Fourteenth Amendment. See: **Coppage v. Kansas, 236 U.S. 1, 14 (1915); Mathews v. Eldridge, 481 U.S. 252 (1987); Parratt v. Taylor, 451 U.S. 527 (1981), Id. at 436-37.** I did make the Demand for a Forfeiture Hearing to Challenge Probable Cause, with a Full Evidentiary Hearing with Cross Examination of Witnesses for and Against, in front of a Real Judge. Not a Police Hearing Officer. **Since the Defendant Central Towing has Not**

**Denied this Denial in the Complaint they have Admitted that these Issues of Material Facts Are True. Thus I Move the Court to Grant Summary Judgment on this Claim and Cause of Action.**

## (IN CONCLUSION)

In Conclusion the Named Defendant Central Towing, Claims for Dismissal and other Arguments must be Denied With Prejudice. I Also Move the Court to Grant to me Summary Judgment as to all Claims, not Denied and Answered.

IN CONCLUSION, LET JUDICIAL NOTICE BE TAKEN HERE, THAT THE OTHER NAMED DEFENDANTS ARE NOT PARTY TO THIS MOTION FOR DISMISSAL. **I MOVE THE COURT TO DENY ALL THE DEFENDANTS ARGUMENTS FOR DISMISSAL OF MY COMPLAINT.**

**NOTICE OF SERVICE BY MAIL:**

I WILLIAM J. WHITSITT, [signature], THIS THE 15th DAY OF AUGUST, 2008, AT 4 PM, DID SERVE BY MAIL POSTAGE PREPAID, VIA FIRST CLASS MAIL: ORDER RELEASING VEHICLE FREE OF CHARGES OF TOWING AND STORAGE AND OTHER FEES OR ALTERNATIVE REMEDY ORDER RELEASING VEHICLE UNTIL MATTER OF VEHICLE IS SETTLED, TO THE FALLOWING NAMED DEFENDANTS:

* ~~COUNTY COUNSEL FOR ALAMEDA COUNTY AT: ATTN: Richard E. Winnie, County Counsel Diane C. Graydon Deputy County Counsel 1221 Oak Street, Suite 450, Oakland, CA 94612 4226~~

* CENTRAL TOWING AND TRANSPORT COUNSEL FOR: TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP Bruce D. M. Prescott, Daphne C. Lin, 2201 Walnut Ave., Suite 200, Fremont, CA 94538

I WILLIAM J. WHITSITT, _________, THIS THE 15th DAY OF AUGUST, 2008, DO HEREBY DECLARE AND AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT UNDER THE PENALTY OF LAW, INCLUDING NOTICE OF SERVICE BY MAIL.

RESPECTFULLY SUBMITTED

WILLIAM J. WHITSITT
DATED: August 15, 2008

**ANSWER and OPPOSITION TO DEFENDANT RESPONSE MOTION FOR DISMISSAL - TOW OPERATOR C08-2139 JSW**

*Page 16 of 16*